## BLUTHENTHAL & BICKART v. MOORE.

Where H. was indebted to B., and the debt secured by a mortgage which had been foreclosed; and W. purchased the mortgaged goods from H., assumed the debt of H., and gave his promissory notes therefor to B.; and M. orally agreed to see that W.'s notes were paid; and B. thereupon released H. and canceled the mortgage: *Held*, that the promise of M. was within the statute of frauds, and void because not in writing. *Held*, further, that, in a suit by B. against W. on the notes and M. on his promise, it was proper to sustain a demurrer by M. to the petition, the plaintiff having set out the above facts.

Argued June 8,—Decided July 12, 1900.

Complaint. Before Judge Reid. City court of Atlanta. September term, 1899.

*Slaton & Phillips*, for plaintiffs.
*R. J. Jordan*, for defendant.

SIMMONS, C. J.    It appears that Bluthenthal & Bickart filed a petition against Watkins and Moore, in which they alleged that plaintiffs had held a claim against Harp, secured by a mortgage on his stock of goods and fixtures; that they had foreclosed their mortgage when Watkins purchased Harp's interest; that Watkins could not open the store on account of the foreclosure of the mortgage; that Moore orally "agreed with petitioners that if they would accept from said Watkins certain promissory notes in lieu of the mortgage which had been given them by said Harp on said property, and which was a superior lien thereon, and would release the foreclosure and allow said Watkins to get possession of said property and dispose of the same free from the incumbrance of petitioners, that he, the said S. S. Moore, would guarantee that the notes to be given by said Watkins would be promptly paid at maturity;" that the petitioners, acting on this promise and guaranty of Moore, accepted from Watkins the promissory notes, allowed him " to go in possession of the property, and relieved said property of the foreclosure of their mortgage."    They prayed judgment against Moore and Watkins.    Moore demurred to the petition, on the ground that the agreement on his part was an oral promise to answer for the debt or default of another, and was therefore within the statute of frauds and not enforceable.    The court sustained this demurrer, and the plaintiffs excepted.

We think this judgment was clearly right.    While the petition alleges that Moore agreed to "guarantee" the payment of the notes of Watkins, we think that his liability, even if the promise had been in writing, would have been that of a surety and not of a guarantor, for the consideration of his promise was not a benefit flowing to him but to the principal debtor.    Civil Code, § 2966.    As a surety the oral promise did not bind him, nor was the undertaking of Moore an original one which would bind him without its being in writing.    The undertaking of Watkins to pay Harp's debt, Harp being discharged and Watkins receiving the goods freed of the creditor's mortgage, was an original promise, and would have been binding although it had

been oral.   But the petition shows that Watkins assumed this debt in writing by giving his promissory notes, and that Moore simply agreed to see that these notes were paid, the consideration for Moore's promise being the same as that of the notes and not flowing as a benefit to him.   No court, so far as we have been able to ascertain, has ever held that such a promise is an original one.   It was claimed by counsel for the plaintiffs in error that Moore was liable because his promise came within the exception to the statute of frauds which was made by the act of February 20, 1854 (Acts of 1853–4, p. 58).   That act provided that the fourth section of the statute of frauds should not operate "in case where there has been a performance of the agreement either in whole or in part."   We would call attention to the fact, apparently overlooked by counsel, that this act was expressly repealed by the act of February 16, 1856 (Acts 1855–6, p. 240).   It is true the marginal annotation of the latter act indicates differently, but the annotation is erroneous. The provisions of the repealed act were, however, to some extent adopted in the code.   Section 2694 of the Civil Code provides that the statute of frauds shall not extend to cases "where there has been performance on one side, accepted by the other in accordance with the contract" or "where there has been such part performance of the contract as would render it a fraud of the party refusing to comply if the court did not compel a performance."   In the present case the plaintiffs have performed their part of the contract, but the acceptance has been by Watkins and not by Moore; and this section of the code, if applicable at all to this class of cases, does not apply to Moore, but would have applied to Watkins had his promise been oral.   Counsel relied, in the argument, on the case of *English* v. *S. P. Richards Co.*, 109 *Ga.* 635.   Even a cursory reading of the facts of that case will show that it is quite different from the present one.   English and Venable operated two soda-founts near the one owned by the plaintiff.   The plaintiff's fount had been leased to Shropshire & Colyar.   English and Venable agreed with plaintiff that if he would have his lessees to surrender their lease and would rent the fount to Williams, who was to run it in another neighborhood and away from their founts, they would pay the rent, amounting to a certain sum, due by

the lessees. This court held that the performance of this contract by the plaintiff was such performance as would make English and Venable liable for the rent which had been due by the lessees. The plaintiff had performed his part of the agreement, and it had been accepted by English and Venable, they being benefited by the removal of the fount to another locality. Further than this, they had assumed the debt of the lessees as part of the consideration of the contract. In the case now under consideration there was no acceptance on the part of Moore, nor did he receive any benefit, advantage, or consideration; and we can not see how the°principle of the above code section can be applied to him. He simply promised, in consideration of credit given to his principal, to pay the debt in the event his principal failed to do so; and this is the very class of contracts which are, by the statute, required to be in writing in order to be binding on the promisor. We therefore think the court did not err in sustaining the demurrer to the petition.

<div align="center">

*Judgment affirmed.   All the Justices concurring.*