### 603. BEARD *v.* HAMMOCK.

The evidence being conflicting on the question whether the oral contract sued on was an original undertaking, and therefore binding, or was a promise to answer for the debt or default of another, and therefore violative of the statute of frauds, the judge of the superior court erred in rendering final judgment upon a certiorari brought to review a verdict in favor of the plaintiff.

Certiorari, from Randolph superior court—Judge Worrill. May term, 1907.

Submitted October 30,—Decided November 25, 1907.

Beard sued Hammock in a justice's court, on the following account: "To damage for breach of contract which was substantially as follows, $68.80. During the year 1906 there was a negro, Sam Cox by name, working for W. J. Beard. During the year 1906 R. G. Hammock, desiring to work the said negro in 1907, took him from the fields of W. J. Beard to Coleman, and there contracted with him. Returning, the said R. G. Hammock did tell the said W. J. Beard that he had contracted with the negro to work for him during the year 1907, and that if he, the said W. J. Beard, would pay the said negro for all the work which he did for him during the balance of the year 1906, he, R. G. Hammock, would, on or before January 1, 1907, pay to the said W. J. Beard the sum of $68.80, which amount the said negro then owed to said W. J. Beard, and which amount has never been paid to W. J. Beard, but is now owing to him, as the said W. J. Beard has kept his part of the contract, although he could have made his money, or a good part thereof, by holding up a part of the negro's wages, but, relying on the promise of R. G. Hammock, he did pay to the negro for all work which he did."

Hammock pleaded the statute of frauds. The contract was not in writing. According to Beard's testimony, the transaction took place as set out in the statement of the cause of action above. Hammock testified that he agreed that if Beard would work the negro till the end of the year and let him have only necessary living expenses, and would credit the remainder of his wages on the $63.80, he would pay the balance which might then be due. The jury found for the plaintiff. The defendant brought certiorari; the judge of the superior court sustained it and rendered final judgment in favor of the defendant. To this judgment Beard excepts.

*H. H. Turner,* for plaintiff.

*R. L. Moye, C. L. Glessner,* for defendant.

POWELL, J. (After stating the facts.)

Under Beard's version, Hammock's contract was an original undertaking, not within the purview of the statute of frauds. According to Hammock's testimony, it was an agreement to answer for the default of another, and, not being in writing, was void. *Evans* v. *Griffin,* 1 *Ga. App.* 327 (57 S. E. 921); *Chapman* v.

*Conwell,* 1 *Ga. App.* 212 (3), (58 S. E. 137); *Bluthenthal* v. *Moore,* 111 *Ga.* 297 (36 S. E. 689). The evidence being conflicting, the judge of the superior court could not properly grant final judgment. He may still grant a new trial if he sees proper; for when the evidence is conflicting, his discretion in ordering a new trial will not be disturbed.          *Judgment reversed.*