### 6974.   OGLESBY *v.* SOUTH GEORGIA GROCERY COMPANY.

HODGES, J.   1. The promise to pay the debt of another in this case was an original undertaking, and not within the statute of frauds. *Davis* v. *Banks*, 45 *Ga.* 138; *Saulsbury* v. *Weaver*, 59 *Ga.* 254; *Ferst's Sons & Co.* v. *Bank of Waycross*, 111 *Ga.* 229 (36 S. E. 773); *Beard* v. *Hammock*, 3 *Ga. App.* 118 (59 S. E. 335); *Daniel Sons & Palmer Co.* v. *Dickey*, 6 *Ga. App.* 548 (65 S. E. 301).

2. Where a petition alleges facts making an original undertaking to pay the debt of another, an amendment which merely gives the details of the transaction does not set up a new and distinct cause of action, and it is proper to allow such an amendment.

3. The defendant testified that he drew the contract for his son, in which the son agreed to pay to the plaintiff a certain amount; and it was therefore admissible in evidence as against the defendant.

4. There was no harmful error in admitting the plaintiff's ledger, as the evidence showed that the defendant, through his authorized agent, agreed to pay the amount. Under the evidence the books were not necessary to prove the amount due.

5. A letter from a father to his agent, stating that the latter could tell a creditor of the son of the writer that the father would protect the loss, and stating that it was his intention to pay the debt due by the son, and that he would not allow the creditor to lose a penny, was properly admitted in evidence, so that the jury could say by their verdict whether or not, under the facts of the case, the letter authorized the agent to obligate the writer to pay the debt of the son. The letter was admissible as tending to throw light on the conduct of the writer and his agent, and to show whether or not the writer assumed the debt of his son.

5. If one assumes to pay a definite amount of the indebtedness of another, it is none of his concern whether the debt thus assumed is greater or less than the actual indebtedness. *Bush* v. *Roberts, 4 Ga. App.* 531 (62 S. E. 92).

6. The evidence authorized the verdict, and the charge of the court submitted the issue fairly and without harmful error.

*Judgment affirmed.*

DECIDED JULY 11, 1916.

Complaint; from city court of Quitman—Judge Cranford. September 27, 1915.

*Branch & Snow,* for plaintiff in error.

*Bennett & Harrell,* contra.