7981, 8008.   SOVEREIGN CAMP WOODMEN OF THE WORLD v. McDANIEL *et al.;* and *vice versa.*

BLOODWORTH, J. 1. The motion to dismiss the main bill of exceptions is overruled.

2. The instructions complained of in grounds 4, 5, 6, and 7 of the motion for a new trial are not subject to the criticism that they are argumentative and unauthorized by evidence. "There may be facts on which to base a charge of the court without any direct evidence on the point to which the charge relates. It is enough if there be data from which a legitimate process of reasoning can be carried on." *Holland* v. *Long,* 57 *Ga.* 37 (3). Union Central Life Insurance Co. *v.* Estes, 160 Tenn. 472 (62 S. W. 149, 52 L. R. A. 915, 82 Am. St. R. 892).

3. Complaint is made that the judge erred in the following charge: "If the defendant collected with full knowledge of the facts, as the court

has already instructed you, any amount of premiums, and retained it beyond the time specified by the by-laws, or beyond such time as would be reasonable time to return it, that a tender after that time would not relieve them from the consequences of their contract." This excerpt carries the qualification, "as the court has already instructed you;" and, as the entire charge was not brought up, this court has not before it the previous instructions referred to, and can not say whether the alleged error was harmful. The exceptions to this excerpt are the same as those discussed in the preceding paragraph of this decision.

4. The remaining grounds of- the motion for a new trial contain copies of requests to charge, and error is alleged on the refusal of the court to give them. Under the following rulings of this court these grounds of the motion will not be considered: (a) "Where error is assigned upon a refusal of the trial judge to give certain requested instructions to the jury, and it is not shown that the request was not substantially covered by the charge given by the court, and the entire charge was not brought up, this court is unable to determine whether such refusal was erroneous or not; and where it does not appear, from the bill of exceptions or from the record brought up, that the charge of the court was reduced to writing or was on file in the office of the clerk of the court below (Penal Code, §§ 1056, 1057), this court will not order it sent up under section 6149 (4) of the Civil Code." *Perdue* v. *State*, 17 *Ga. App.* 299 (86 S. E. 661). "This court can not consider exceptions to the refusal of the trial judge to comply with written requests to charge, unless it is made to appear that they were tendered to the court before the jury retired to consider their verdict. *Shirley* v. *State*, 5 *Ga. App.* 611 (63 S. E. 583); *Seaboard Air-Line Ry.* v. *Barrow*, [18 *Ga. App.* 261 (89 S. E. 383)]. In this case it does not appear that any of the requests to charge which were refused were so tendered to the court." *Seaboard Air-Line Railway* v. *Lyon*, 18 *Ga. App.* 267 (6) (89 S. E. 384).

5. No error of law appears and the evidence authorized the verdict.

*Judgment affirmed on main bill of exceptions; cross-bill of exceptions dismissed. Broyles, P. J., and Jenkins, J., concur.*

DECIDED JUNE 29, 1917.

Action on insurance policy; from city court of Hall county— Judge Wheeler. October 24, 1916.

*C. R. Faulkner, John J. & Roy M. Strickland,* for plaintiff in error. *E. C. Stark, J. G. Collins,* contra.