10910.   SWICORD *et al. v.* GRADY COUNTY.

STEPHENS, J.   1.   Where it was sought by certain tax-payers of a county to set aside a judgment validating an issue of bonds by the county upon the ground that the judgment was obtained by fraud upon the part of those representing the county, and the petition alleged in substance the following: that the hearing on the validation proceeding was set for August 9, 1919, at 5 o'clock p. m.; that petitioners had employed attorneys to file objections to said validation; that one Johason, who was clerk of the board of county commissioners of said county, came to petitioners' attorneys on the morning of the date set for the validation proceeding, requesting said attorneys not to file objections to said validation until he could confer with the county attorney and others with a view of adjusting all differences, and that the hearing for validation would be continued, if necessary; that a committee including the county attorney was appointed to confer with the petitioners and to continue the hearing for the validation if necessary; that said com-

mittee, including the county attorney, advised petitioners and their attorneys of their appointment and asked for a conference, expressing themselves in favor of continuing the hearing for validation; that but for the interference of said committee the petitioners would have immediately proceeded to the court-house and filed their objections to the validation of said bonds; that the said county attorney excused himself from said meeting, leaving petitioners and their attorneys under the belief that he would return and attend said meeting; that instead of returning, the said county attorney proceeded to the court-house and secured an order and judgment validating said bonds; and it not appearing that the county attorney made any misrepresentation as to any fact or facts concerning said hearing, or the postponement thereof, or waived the filing of any objections, or promised to continue the hearing, and it appearing from the petition that the petitioners knew of the time legally set for said validation proceeding, and the only conclusion to be drawn being that through their laches and negligence they failed to file objections, *held*, that the petition does not allege facts sufficient to show such fraud as would warrant the setting aside of the judgment.

2. The petition is further defective in that petitioners fail to allege and set out a legal defense to the validation proceedings. A petition which alleges that the petitioners then had and now have a good and meritorious defense to such proceedings, and were ready to file their objections and are now ready to do so, and now show to the court that the required vote of the qualified voters of the county did not vote in favor of the issuance of the bonds, and that voters were permitted to vote in the election who were not qualified voters of the county, and that, with such votes discarded, a majority of the qualified voters of the county did not vote at the election held to validate the bonds, fails to set out a legal and valid defense. The petition is defective in that it fails to set out in what manner the alleged illegal voters were not qualified to vote in the election.

3. Furthermore, the petition, properly construed, is a statutory motion to set aside a judgment; and, it not affirmatively appearing that it was made during term time, the petition was bad as against a demurrer excepting thereto upon such ground. *Lovett* v. *Vickers*, ante, 407; *Bedgood* v. *Floyd*, 20 *Ga. App.* 617 (93 S. E. 218).

4. The trial court did not err in sustaining the demurrer and dismissing the petition.

*Judgment affirmed. Jenkins, P. J., and Smith, J., concur.*

DECIDED NOVEMBER 28, 1919.

Motion to set aside judgment; from Grady superior court— Judge Harrell. September 1, 1919.

*S. P. Cain, J. M. Sellers,* for plaintiffs.

*E. D. Rivers, R. C. Bell,* for defendant.