## 13758. ATLANTIC COAST LINE RAILROAD CO. *v.* STOVALL-PACE CO.

In an action against a carrier for loss of goods shipped, the bill of lading need not be introduced in evidence by the plaintiff where the action is not upon the contract, but is for negligence. In such case, however, the bill of lading may be introduced to show how the defendant came into possession of the goods.

Failure to require proof of the execution of the bill of lading was immaterial, there being proof of an admission on the part of the defendant that it received the goods receipted for therein.

It was not error to admit in evidence the letter of the defendant's freight and depot agent, purporting to quote a letter in which the defendant's freight-claim agent stated that investigation had developed that the shipment in question had been delivered to the consignee, and therefore the claim was declined. There was sufficient evidence as to the agent's authority to write the letter and to bind the defendant thereby. The quotation from the claim agent's letter did not render the depot agent's letter objectionable as containing mere hearsay.

The contents of the box mentioned in the bill of lading were sufficiently shown by the evidence.

As a general rule, the cost or invoice price of property is not itself sufficient proof of market value, where one of the parties to the suit is not a party to the contract of sale; but the cost may be considered in connection with other facts, as a circumstance tending to show the value. Although the evidence as to the value of the goods in this case may not be entirely satisfactory, this court can not hold that the facts in addition to the invoice price were not sufficient to authorize the jury to determine as to the value.

Refusal to give a requested instruction to the jury can not be held to be error where the record sent to this court does not contain the entire charge given by the trial judge and it does not appear that the requested instruction was not substantially covered by the charge given.

Although a verdict specifying interest in a stated sum in addition to the principal sum found as damages in a case of this kind is irregular, the verdict can be upheld as a finding of damages in the total amount of the verdict.

The ground that the verdict is contrary to the charge of the court adds nothing to the other general grounds of the motion for a new trial, since it is merely the equivalent of an allegation that the verdict is contrary to law. Moreover, the charge in this case was not sent up or specified as a part of the record to be sent to this court.

The court did not err in overruling the motion for a new trial, as no ground of the motion points out reversible error.

DECIDED JUNE 12, 1923.

Action for damages; from city court of Richmond county — Judge Black. May 20, 1922.

*William K. Miller,* for plaintiff in error.

*John J. Jones,* contra.

BLOODWORTH, J.   Stovall-Pace Company brought suit against the Atlantic Coast Line Railroad Company, the last of certain connecting carriers, for the loss of one case of Suncook Chambray, No. 16193, containing 1779 1/4 yards at 6 1/2 cts. per yard, of the value of $111.20, delivered on the 14th of August, 1914, to the New York, New Haven & Hartford Railroad Company at East Dedham, Mass., routed over the lines of the Merchants & Miners Transportation Company and the Atlantic Coast Line Railroad Company, and consigned by Wellington-Sears & Co. to the plaintiff at Augusta, Ga.   A verdict for the plaintiff was rendered, the defendant's motion for a new trial was overruled, and the movant excepted.

On a former trial a demurrer of the defendant was overruled by the trial court, and this court held, on review (24 *Ga. App.* 248, 100 S. E. 657), that " the allegations were sufficient to show that the loss was caused by negligence of the defendant," and that therefore, under the pleadings in question, the responsibility was not on the original carrier alone.   Under this ruling this action is one ex delicto, and the rules of law pertaining to such an action are applicable.   Since the rulings on the five grounds of the original motion for a new trial are largely dependent on the rulings on the eight grounds of the amendment thereto, the latter will be treated first; and in view of the length of the grounds, and the fact that the rulings on some are dependent upon the rulings on others, only such portions thereof as we deem necessary for the purposes herein will be referred to.

Ground 6 complains of the admission in evidence of a bill of lading, which is in part as follows:  " Received, subject to the classifications and tariffs in effect on the date of the receipt by the carrier of the property described in the original bill of lading, East Dedham, Mass.  8/14/1914, from Suncook Mills, the property described below, in apparent good order, except as noted (contents or condition of contents of packages unknown), marked,

consigned and destined as indicated below, which said company agrees to carry to its usual place of delivery at said destination, if on its road, otherwise to deliver to another carrier on the route to said destination. . . Consigned to Stovall-Pace Co., Destination Augusta, State of Georgia, County of ——. Route c/o M. & M. G. . . A. C. L. Car Initial —— Car No.—— No. of Packages, 1. Description of article and special marks. Cs. Cot. Fab. O. P. S. C. Weight subject to correction, 323. . . Assorted 1693. . . The signature here acknowledges only the amount prepaid. Suncook Mills, Shipper, per D. W. F. L. Davis, Agent, Per D." Defendant objected to the admission of this documentary evidence on the ground that said document was a private writing and had to be proved by plaintiff; that there was no proof of the genuineness of said bill of lading; that there was no proof that the person whose name was signed to it, " F. L. Davis, Agent, Per D.", was the agent of the initial carrier; that there was no evidence that the goods sued for had been delivered to the initial carrier under said bill of lading, or that said bill of lading had in fact been issued. Since this is not a suit upon a contract, it is not even necessary to introduce the bill of lading as evidence (see, in this connection, *Johnson* v. *East Tenn. Ry. Co.,* 90 *Ga.* 812, 813, 17 S. E. 121), but it may be introduced in evidence, as in the instant case, to show how the defendant came into possession of the goods, the loss of which constituted the tort sued for. There was introduced in evidence a letter, the admissibility of which will be treated in a later ground of the motion. Reference to it at this point is necessary in that it throws light on the admissibility of the bill of lading. In this letter the defendant company acknowledged having received the goods in question, claiming to have delivered them to the consignee. Where it is acknowledged that the goods were received by the defendant carrier, proof of the execution of the bill of lading is immaterial. " In a suit against a carrier for failure to deliver a portion of a shipment of goods alleged to have been intrusted to it for transportation, error, if any, in admitting in evidence a bill of lading covering the shipment, over objection for lack of proof of execution, becomes immaterial, where the carrier admits that it received the goods sued for, and sets up delivery." *Ga., Fla. & Ala. Ry. Co.* v. *Fla. & Ga. Tobacco*

*Co.,* 10 *Ga. App.* 38 (1) (72 S. E. 511). "There was no error in admitting in evidence the bill of lading over the objection that there was no proof of its execution, or of the signature thereto, or of the agency of the person purporting to have signed it." *Richmond & Danville R. Co.* v. *Benson,* 86 *Ga.* 203 (3). Under the law and the facts above referred to there was no error in admitting in evidence the bill of lading.

Grounds 7 and 8 of the motion for a new trial allege that the court erred in admitting in evidence the following letter written by the agent of the defendant company to the attorney of the plaintiff: "Oct. 25, 1916. John J. Jones, atty. at law, Augusta, Ga. Dear Sir: With reference to your favor of several days ago regarding claim filed by the Stovall-Pace Dry Goods Company for $111.20, I beg to advise that I have referred your letter to Mr. A. H. Shepard, freight claim agent, Wilmington, N. C., on whose instructions we declined this claim previously, and beg to quote below answer received from Mr. Shepard: 'Your claim A-3036. I am in receipt of your favor Oct. 16, 1916, together with letter from John J. Jones, attorney at law, with reference to claim of Stovall-Pace Co., amount $111.20, I beg to say that the position of the A. C. L. Railroad has been outlined in previous correspondence, our investigation having developed that the shipment in question was delivered consignees, we holding clear receipt. We, therefore, can admit of no liability, and the claim appears to have been properly declined.' Yours very truly, H. R. Walker, Agent." The objections in part to this letter were that the statements in it were hearsay; that there was no evidence that Walker had authority to bind the defendant company by his quotations or statements in the letter; that there was no evidence to show the genuineness of the quoted letter from Shepard to Walker, or Shepard's authority to represent the company and bind it by his statements; and that the court erred in admitting the letter in evidence, on the ground that it had been sufficiently proved to have been signed by Walker. As to the authority of Walker we find that the evidence shows that H. H. Stafford testified "that he knew well H. R. Walker, and that he was freight and depot agent of the Atlantic Coast Line Railroad Company at Augusta for a number of years, including the year 1914;" and R. H. Daniel testified that the demand for

the loss in question "was made through Mr. H. R. Walker, who at that time was the agent of the Atlantic Coast Line Railroad at its railroad freight office at Augusta, Ga. He had *charge* of the shipping and delivery of freight for that railroad at Augusta, Ga." It suffices to say that this evidence showed the *authority* of *Walker* in regard to this freight transaction. Now, as to the admissibility of the letter which Walker wrote. Two witnesses testified that Walker was inaccessible at the time of the trial; that he was out of the State of Ga., and was in South Carolina; and one witness testified that he " heard H. R. Walker testify on a former trial of this case, and remembers the *substance* of his testimony to the effect that he received from the plaintiff the claim for the package of chambray, and that the letter (from Walker, which is above quoted) was *authorized to be written,* signed, and sent by him *as agent of the Atlantic Coast Line Railroad.*" This testimony showed Walker's authority to write the letter in question, and bind the defendant company.

We do not think there is any merit in the contention that the quotation from Shepard contained in said letter was hearsay. Had Walker said, " I heard Mr. Shepard say that the shipment in question had been delivered to consignees," then it might have been subject to this criticism; but Walker in his own letter quoted the letter from Shepard, and stated as a positive fact that he had received that letter from Shepard. The quotation from Shepard, freight claim agent, was in effect an *admission* that the defendant company had received the goods in question, and " an admission may be contained in a writing including writings of the character which are customarily employed in mercantile affairs, which the party has made *or adopted.*" 22 Corpus Juris, 302, par. 337. " Admissions, in the law of evidence, have been defined as being concessions or voluntary acknowledgments made by a party of the existence of certain facts. . . . More accurately regarded, they are statements by a party or some one identified with him in legal interest, of the existence of a fact which is relevant to the cause of his adversary." Id. 269, par. 323. A corporation must necessarily act through its officers and agents, and the evidence undoubtedly shows that Shepard had authority to act, and that his acts and instructions were those of the principal in this department over which he had charge. Walker, the local

agent, states in his letter that Shepard was "freight claim agent," and that it was upon his "*instructions* we declined this claim previously." And Shepard himself speaks authoritatively when he says: "The position of the A. C. L. Railroad has been outlined in previous correspondence. . . We, therefore, can admit of no liability." Walker was subordinate to Shepard in this transaction, and was subject to his instructions in regard thereto. In *Oglesby* v. *Southern Ga. Grocery Co.,* 18 *Ga. App.* 401 (5) (89 S. E. 436), it was held that a letter from a father to his agent, stating that the agent could make certain statements to a creditor of his son, was admissible in evidence as tending to throw light on the conduct of the writer and his agent, and to show whether or not the writer assumed the debt of his son. "Where a person's knowledge of a particular fact is relevant, it may be shown that an unsworn statement of another person as to its existence was brought to his attention in the same way that any other relevant statement may be shown to have been made to him. It is accordingly permissible to show direct and specific statements, such as advice, information, *instructions,*" etc. 22 Corpus Juris, 299, par. 303. It will also be noted, apropos to Shepard's authority, that his instructions were carried out, and the claim was never paid. The record shows that the plaintiff wrote to Walker, the local agent, on the 15th; Walker wrote to Shepard, the freight claim agent in charge of this matter, on the 16th; and Shepard's reply to Walker is quoted by Walker in this letter, dated the 25th, all within ten days from the time plaintiff wrote to the local agent.

The 9th ground of the motion for a new trial alleges that the evidence fails to show that "defendant had actually received the goods claimed to have been lost, . . or what was the contents of the box mentioned in its bill of lading." The letter from Walker, the agent of the defendant company, heretofore referred to, in effect contained an admission that the lost goods *had been received* by the defendant company, in which letter said agent adopts the admission of the freight claim agent who said "the shipment in question was delivered to consignees." The only reasonable construction of this statement, under all the facts, is that the defendant admitted receiving the goods but claimed to have delivered them. "What was the contents of the box

mentioned " was shown by the bill of lading heretofore held to have been properly admitted in evidence, which showed that the box contained " Cs. Cot. Fab. Weight . . 323. . . Assorted, 1693, Suncook Mills, Shipper." Other evidence is even more specific and shows that the cotton fabric was a " shipment of chambray." The following tends to show both the contents of the box, and that it was received by defendant company: " 10/19/14. Atlantic Coast Line R. Co. to Stovall-Pace Co., Augusta, Ga. One case of Suncook Chambray, No. 1693, 1779 1/4 yards at 6 1/2 cts. $111.20. The above case being consigned to us by Wellington Sears & Co., East Dedham, Mass., under date of Aug. 14th, routed M. & M. T. Co. c/o A. C. L. Bill of lading issued by New York, New Haven & Hartford has been lost in transit." The testimony of R. H. Daniel shows what the shipment was, that it was ordered, that it was included in the bill of lading, and that it was never received by plaintiff.

The 10th ground alleges that there was no evidence of the value of the goods alleged to have been lost. R. H. Daniel testified that the package lost contained 1779 ¼ yards of Suncook Chambray invoiced at 6 1/2 cents per yard, amounting to $111.20, which amount plaintiff paid to Wellington-Sears & Co. for these goods, and that the goods were *staple merchandise*. This value does not include the freight which plaintiff claims to have paid, but the defendant will not be heard to complain of this. The value proved was the invoice price or contract price between the seller and the purchaser of the goods, with the additional evidence that it was staple merchandise. As a general rule, where one of the parties concerned is not a party to the contract of sale, evidence of the cost of property, without more, is not sufficient proof of its market value, but the cost of the property may be considered in connection with *other facts,* and the " cost is a circumstance the proof of which can go to the jury . . as a fact relating to the value." *Sou. Ry. Co.* v. *Williams,* 113 *Ga.* 336 (38 S. E. 744). While the evidence as to the value of the goods in this case is not entirely satisfactory in that the proof of the value is not in full accordance with the general method of proving value in cases of this character, still we cannot say that there were not enough " other facts," in addition to the evidence as to the invoice price, to authorize the jury to pass on the question of value. For

example, the jury could have taken into consideration the fact that there was no rebuttal testimony as to the value of these goods; that the value fixed by the plaintiff, was reasonable and fair to the defendant, in that it was the wholesale buying price and included no freight and no profit; that it was staple, standard merchandise and not a fluctuating commodity, and that the price at which it was invoiced was apt to be its value at the time it should have been delivered to the plaintiff. These facts, in connection with the invoice price, could furnish a basis for the jury to pass on the question of value. See *Lott* v. *Banks*, 21 *Ga. App.* 250 (94 S. E. 322). Moreover, " goods are presumed to be worth as much or more at the place of destination than at the point of shipment, till that presumption is rebutted by proof." *Harley Hdwe. Co.* v. *Lafond Co.*, 28 *Ga. App.* 586 (7) (112 S. E. 394), and cases cited.

The 11th ground of the motion complains of the refusal of a certain request to charge. Since the entire charge was not specified as a part of the record and is not before this court, we cannot test the sufficiency thereof or say that any necessary instruction has been omitted. *Sovereign Camp W. O. W.* v. *McDaniel*, 20 *Ga. App.* 430 (4) (93 S. E. 105).

The 12th ground alleges error because the verdict includes interest, $54.37. In *Tifton, Thomasville & Gulf Ry. Co.* v. *Butler*, 4 *Ga. App.* 191 (2 *b*) (60 S. E. 1087), this court held: " In an action of the character referred to above, a verdict in the following form: ' We, the jury, find for the plaintiff $6,265.02 principal, and 7 per cent. interest for 4 years and 4 months, $1,863.68 interest — $8,128.70 total,' is irregular, but not illegal. It will be upheld as a finding for $8,128.70 damages." And in the opinion (p. 193) Judge Powell, speaking for the court, said: " The allowance of interest as a part of the damages given in such cases is a matter addressed to the discretion of the jury; but we think that this discretion means, not a decision by mere whim or caprice, but a sound legal discretion, determinable by the particular facts of the case." See cases cited. While the verdict in the instant case stating the principal, interest, and total amount is irregular in form, we think the facts and circumstances of this particular case authorized the jury to compute the interest at 7 per cent. on the proved value of the goods in arriving

at the sum total of the plaintiff's damage. In this case the value of the goods at the time that delivery should have been made closely approached a liquidated sum, the invoice price on a staple merchandise, a price which ordinarily would fluctuate very little, if any, between the time of their reception by the defendant company and a reasonable time for their delivery. The verdict in the instant case is in form similar to the verdict in the *Tifton &c. Ry. Co.* case, supra, which was upheld by this court; and the facts of this case authorize a similar holding. See, in this connection, *W. & A. R. Co.* v. *McCauley,* 68 *Ga.* 818 (2).

Ground 13 of the motion for a new trial complains that the verdict is contrary to certain quoted excerpts from the charge, for the reason that "there is no evidence that the initial carrier delivered the goods in question to defendant." Our ruling on grounds 7 and 9 of the motion disposes of this ground. As shown in those grounds, the letter from the agent of the defendant company, held to be admissible in evidence, virtually admitted that the defendant received the shipment in question, but claimed to have delivered them to plaintiff.

The first three grounds of the motion are the general grounds, and are without merit. Under our ruling on the last eight grounds as hereinbefore set out, the verdict was sufficiently supported by evidence and was in accordance with law. Briefly, the evidence clearly showed that the plaintiff ordered these goods, paid a specific sum for them, received a bill of lading for them, but never received the goods; and that the defendant company received the shipment, and claimed to have delivered it and to hold a clear receipt, but the receipt was never produced and delivery was not shown.

The 4th ground of the motion, that the verdict is excessive, is covered by our ruling on the 10th ground, pertaining to the value fixed by the jury, and the 12th ground, pertaining to interest.

The 5th ground, that the verdict is contrary to the charge of the court, cannot be considered. The entire charge of the court is not specified as a part of the record, and is not embodied in the record transmitted to this court; and such a ground adds nothing to the other general grounds of the motion for a new trial, since it is merely the equivalent of an allegation that the verdict is contrary to law. See *Bowden* v. *Bowden,* 125 *Ga.* 107 (3), 108

(53 S. E. 589) ; 4 Stev. Dig. Ga. Rep. 3724, catchwords " Contrary to charge," " Contrary to law."

The trial judge did not err in overruling each and every ground of the motion for a new trial.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*