### 14673. STEIN *v.* RICHMAN.

BLOODWORTH, J. The judge did not err either in striking the plea or in thereafter rendering judgment for the plaintiff.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*

DECIDED OCTOBER 3, 1923.

Complaint; from city court of Savannah—Judge Freeman. May 14, 1923.

Selig Richman sued J. Stein on a promissory note, an alleged copy of which, attached to the petition, showed that it bore the signature of J. Stein alone. The defendant filed an answer denying the material allegations of the petition, and alleging: Exhibit A, upon which this suit is brought, is not a copy of the note signed by defendant; the note referred to bore the indorsement of Aaron Rauzin thereon at the time that it came into the possession of the plaintiff, and, while signed by defendant, was in reality the note of Aaron Rauzin, and this was known by the plaintiff. The money received as the proceeds of the note were paid to the said Rauzin, for whose benefit the loan was made; and, while Rauzin's name appeared on the back of the note as the indorser, Rauzin was in reality the maker of the note and received the benefit of the same. Aaron Rauzin, in order to secure to the plaintiff the payment of this note and other indebtedness due by him to the plaintiff, delivered to the plaintiff, to be held by him as collateral security for the payment of the same, 220 shares of stock of the Mercantile National Bank of Savannah of the par value of $100 each, a $2,000 note secured by property in Atlanta, and 10 shares of the Rauzin Investment Company stock. The plaintiff has recognized the said Rauzin as being the maker of said note, and demanded and received monthly payment of interest from him. In the present suit the plaintiff has not accounted for the collateral security thus provided by Rauzin, which was ample in value to have protected the amount due; and defendant avers that this suit should not be maintained against him until judgment has been obtained against the said Rauzin and satisfied by the subjection of the collateral held by the plaintiff to the payment of said debt. The said Rauzin is insolvent and unable to pay his debts, and ample collaterals belonging to him are in the possession of the plaintiff; and defendant prays that the plaintiff be compelled to set up and account for the value of the

collaterals so held, against which defendant would have no recourse until payment is made to the plaintiff of his claims thereon.

After amending the petition by adding that the name of A. Rauzin was signed by him on the back of the note, and by placing his name on the back of the copy of the note, the plaintiff moved to strike the answer, on the ground that it set forth no valid de-'fense. The court sustained the motion and struck the answer, and rendered judgment against the defendant on the note, and the defendant excepted to the striking of the answer and to the final judgment.

The note contains a provision that "each of us, whether maker, indorser, or guarantor, hereby severally waives" homestead, and waives demand, protest, etc.; and in the brief of counsel for the plaintiff in error it is contended that this language shows that "it was contemplated that whenever it might become necessary to do so, the relationship of the parties whose names appeared on the note should be explainable;" that a contract of guaranty was contemplated by the parties; and that it was incumbent on the plaintiff to produce or restore the collateral security or to account for its non-production.

*Lawrence & Abrahams,* for plaintiff in error, cited: 5 *Ga. App.* 279; 17 *Ga. App.* 631.

*Adams & Adams,* contra, cited: Civil Code (1910), §§ 3559, 3556-7; 145 *Ga.* 864; 116 *Ga.* 8; 28 *Ga. App.* 807; 21 *Ga. App.* 181, and cit.; 65 *Ga.* 305; 125 *Ga.* 43; Jones, Collat. Sec. § 590, p. 712; 79 Am. Dec. 500 (note); 21 R. C. L. 685-6; 92 U. S. 618 (4); 114 *Ga.* 668; 150 *Ga.* 281, 286; 23 *Ga.* App. 630 (2); Civil Code (1910), § 3538; 123 *Ga.* 272; 111 *Ga.* 297-8; 11 *Ga. App.* 632; 141 *Ga.* 48.