### 15533. BROWN *v.* MARBUT-WILLIAMS LUMBER CO. *et al.*

BELL, J. 1. Where a motion to set aside a consent verdict does not allege any facts upon which the motion is predicated, but merely avers that "through some misunderstanding or inadvertence" the verdict is not as the movant contends it should have been, the motion does not show any cause for setting aside the verdict. *Marshall* v. *Livingston,* 77 *Ga.* 21 (5 *a*) ; *Ford* v. *Clark,* 129 *Ga.* 292. The dismissal of such motion would have been proper, and the order denying it will be construed as having that effect. *Bedgood* v. *Floyd,* 20 *Ga. App.* 617 (93 S. E. 218) ; *Lovett* v. *Vickers,* 24 *Ga. App.* 407 (100 S. E. 755) ; *Swicord* v. *Grady County,* 24 *Ga. App.* 522 (3) (101 S. E. 395).

2. Where a motion to set aside a decree was made upon the ground that the court therein held that the contract price for the building of a certain house "was $4,150, when in fact the contract price was . . $4,000," and where, after judgment adverse to the motion, it assigned that the court erred in refusing "to allow movant to introduce any evidence touching this matter whatever," this court cannot say that the trial judge committed error as alleged, where he certified that prior to the entry of the decree sought to be set aside "certain contracts by and between the parties were submitted to the court," and the movant's contention upon this question was fully heard and passed upon, and it does not appear that in the motion any matter was brought forward which, by reason of fraud, accident, or mistake, or the acts of the adverse party, unmixed with the negligence or fault of the movant, he was prevented from urging before the court at or before the rendition of the decree. Civil Code (1910), § 5965.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED JULY 22, 1924.

Motion to vacate judgment; from Fulton superior court—Judge E. D. Thomas. January 19, 1924.

*J. V. Poole, B. H. Sullivan,* for plaintiff.

*Etheridge, Sams & Etheridge, McElreath & Scott, Burress & Dillard, W. J. Laney, A. E. Mayer,* for defendants.