21813, 21814, 21815.   McNABB *v.* RUSSELL, Governor, *et al.*

DECIDED SEPTEMBER 23, 1932.

*Frank R. Fling, Scott Candler, Joe Quillian,* for plaintiff in error.
*Clifford Pratt, solicitor-general, Robert L. Russell,* contra.

STEPHENS, J.   J. H. McNabb, in three separate bills of exceptions, excepts to a judgment of the superior court overruling a motion made by him to set aside a judgment.   The judgment sought to be set aside was, in each case, a judgment against him as principal upon a forfeiture by him of a recognizance bond.   The three bills of exceptions are substantially alike in every respect, and the three judgments complained of are alike and bear the same date, viz., July 20, 1931.   In no one of the cases is any part of the record sent up, except that in each case there appears, attached to the bill of exceptions, a copy of the scire facias issued upon the forfeiture of the recognizance.   None of the bills of exceptions specify any part of the record.   It nowhere appears from the record in any one of the cases that the motion to set aside the judgment (which motion was overruled) was filed or presented in term time.   In two of the cases (21813 and 21814) counsel for the defendants in error suggest a diminution of the record and move that specified portions of the record, including the motion to set aside the judgment, be ordered to be transmitted to this court.   Counsel for the defendants

in error, in their brief in each case, assert that the motion to set aside the judgment in each case was made in vacation, and that the hearing in each case, which was had on July 18, 1931, was in vacation, and that the date of the judgment in each case overruling the motion was rendered on July 20, 1931. These statements are not controverted by counsel for the plaintiff in error.

It is well settled that a motion to set aside a judgment must be made in term time, and where not so made, the motion should be dismissed. *Davis* v. *Bennett,* 158 *Ga.* 368 (123 S. E. 11) ; *Davis* v. *Bennett,* 159 *Ga.* 332 (125 S. E. 714). It being essential to the validity of a motion to set aside a judgment that it be made within term time, a judgment overruling such a motion will not be reversed where it does not affirmatively appear that the motion was made in term time. *Malsby* v. *Studstill,* 127 *Ga.* 726, 728 (56 S. E. 988) ; *Bedgood* v. *Floyd,* 20 *Ga. App.* 617 (93 S. E. 218) ; *Lovell* v. *Vickers,* 24 *Ga. App.* 407 (100 S. E. 755) ; *Swicord* v. *Grady County,* 24 *Ga. App.* 522 (101 S. E. 395) ; *Ohlen* v. *McCoy,* 25 *Ga. App.* 528 (103 S. E. 803).

What the records in these cases, including the motions to set aside the judgments and the orders thereon, would disclose as respects the time of filing of these motions—whether in term time or in vacation—does not appear. From the record as here presented it does not affirmatively appear that any one of the motions to set aside a judgment was made within term time as required by law. Therefore the judgment in each case, overruling the motion to set aside a judgment, does not appear to be erroneous, and should be affirmed.

■ Of course, the statements made by counsel for the defendants in error in their briefs can not be considered as part of the record, and this court can not rely upon these statements as a justification for affirming the judgments complained of. Since, however, these statements are not controverted by counsel representing the plaintiff in error, and counsel for the plaintiff in error have not, in any of the bills of exceptions, specified any portions of the record which could indicate whether or not any one of the motions to set aside a judgment was made in vacation, and since there appears nothing in the record here presented, or in the briefs and arguments of counsel, that would indicate that any portions of the record on file in the office of the clerk of the superior court would show

affirmatively that any one of the motions· to set aside a judgment was made in term time, and counsel for the plaintiff in error do not suggest a diminution of the record, this court is justified in refusing to order any portions of the record in any of the cases sent up. See, in this connection, *Perdue* v. *State*, 17 *Ga. App.* 299 (86 S. E. 661) ; *Sovereign Camp Woodmen of the World* v. *McDaniel*, 20 *Ga. App.* 430 (4) (93 S. E. 105).

*Judgment in each case affirmed. Jenkins, P. J., and Sutton, J., concur.*