25711, 25712. JONES *v.* MOORE *et al.;* and *vice versa.*

DECIDED DECEMBER 5, 1936.

*H. C. Holbrook, Philip N. Jobson,* for plaintiff.
*Benton E. Gaines, Noah J. Stone,* for defendants.

MACINTYRE, J. Hugh A. Jones filed suit against Mrs. Carrie M. Shuford Hayward as principal, and J. L. Moore as indorser, on a series of seventy-four promissory notes for $30 each, except the last note, which was for $20. Service was acknowledged by Mrs. Hayward in time for the November term of court, the case was marked in default as to her at that time, and a judgment was taken against her before the adjournment of the court. No

service was had on J. L. Moore in time for the November term. An order to perfect service was taken, and he was served and answered on December 4. Exceptions were taken to the order overruling the demurrer to Moore's plea and answer. The trial resulted in a verdict for Moore. His answer was, in effect, that the notes sued on were given in payment of the purchase-price of certain real property; that a suit had previously been entered on certain notes of the series, and withdrawn; that an agreement was then made, withdrawing said suit on payment of costs and attorney's fees, and on the transfer and delivery by Mrs. Hayward of a promissory note payable to her and signed by other parties, said note being in excess of the balance due on the series of notes declared on in this case; and that the plaintiff had accepted such note and had collected it, but had not applied its proceeds to the indebtedness sued on; and that this agreement was in writing signed by the attorney of record for plaintiff, and was accepted in writing by the maker and indorser of the notes declared on.

The plaintiff cites *Stein* v. *Richman,* 31 *Ga. App.* 21 (119 S. E. 669), as authority for the position that the court erred in overruling the demurrers to the plea and answer. It will be noted that in the *Stein* case the suit was against the maker alone, and his plea was that the surety or guarantor on the note had deposited with the plaintiff certain collateral which was ample to protect the loan. This plea by the maker was properly stricken. His liability on the note was not affected by the deposit by his guarantor of collateral with the maker. Being primarily liable, he could not defend because the payee had not converted such collateral into payment. In the present case the surety is being sued, and his plea is that the *maker* of the note deposited a collateral note which has been collected by the payee and not credited on the notes declared on, the collateral having been deposited under a written contract with the payee, to which contract the defendant surety was a party. The court properly overruled the demurrer. Neither is the result affected because such a plea by the surety might also have afforded a discharge by the maker if such had been filed by her. In *Sirmans* v. *Folsom & Tillman Hardware Co.,* 18 *Ga. App.* 586 (89 S. E. 1103) it was said: "Where the suit is against two persons as joint makers of a promissory note, a plea by one of them in behalf of the other was not a plea of the latter." It ap-

pears that before the time when the present defendant was required to plead, the case had been marked in default, and a judgment was taken against the maker of the note. The special demurrers are without merit. In view of the fact that a verdict and judgment have been found in favor of the defendant in this case, which are being affirmed by this court, the question made in the cross-bill of exceptions, as to whether plaintiff had the right to proceed against the surety after having taken judgment against the principal in the same case, becomes moot.

*Judgment affirmed on the main bill of exceptions; cross-bill dismissed. Broyles, C. J., and Guerry, J., concur.*