· 30531. MORGAN *v.* BROWN.

DECIDED JULY 14, 1944.

*William Hall, A. S. Skelton,* for plaintiff in error.
*B. F. Cheek,* contra.

FELTON, J. T. E. Brown sued J. R. Morgan for damages for personal injuries and property damage alleged to have resulted

402

from the negligence of the defendant. The jury found for the plaintiff, and the defendant excepts to the overruling of his motion for a new trial.

■ Ground 1 of the motion complains of the following charge: "If you find he [defendant] was confronted with a sudden emergency and that he exercised the degree of care that you think he should have exercised under the circumstances at the time (and I charge you he is not held to the same strict rule of accountability as a normal person, but that is for you to determine), he would not be liable." The exceptions are that the instruction complained of authorized the jury to set the standard of care required, and was confusing. In the sentence next preceding the charge excepted to the court stated: "It is for you to determine whether or not under the circumstances he acted as an ordinary prudent person would have acted." In view of this statement, and other similar ones in the charge as a whole, the excerpt complained of is not subject to the criticisms made against it.

■ An excerpt from the charge which is correct in itself will not be considered erroneous because some other correct principle of law is not included therein or added thereto.

■ Error is assigned on that part of the charge which submitted to the jury the question whether the defendant was negligent, as charged in the petition, in not having his car equipped with efficient and serviceable brakes, on the ground that there was no evidence to authorize it. We think this assignment is well taken. The defendant's car was badly damaged by the collision of his car with that of the plaintiff. One witness testified as follows: "I walked around Mr. Morgan's car, and I think his tail light was burning; or there was a light burning, and I went to the switch and tried to turn it off, and it didn't seem to respond, and I looked down, and his brake pedal was down to the foot, and I told them that it wouldn't come loose." There was no evidence as to whether this condition of the brake was caused by the collision or existed prior thereto. The defendant testified that the pictures did not show that his tires skidded, and that he could not tell about his wheels sliding. It cannot be ascertained from the pictures introduced whether the defendant's tires skidded or not. The evidence is wholly insufficient to authorize a finding that the defendant did

not have his car equipped with efficient and serviceable brakes, and the charge was error.

■ It was not error for the court to charge the jury that if the defendant attempted to pass a truck when the plaintiff's car was meeting it, and the road was not clear ahead of the defendant, and there was not room for his car to pass to the right of the center of the road, he would be guilty of negligence per se, as being an encroachment on the province of the jury to determine what did or did not constitute negligence. Code, § 68-303 (d). The charge was not error for the reason assigned.

■ Ground 5 of the motion for a new trial complains of the failure of the court to charge that if the plaintiff's injuries were caused by his own negligence he could not recover, it being contended that the issue was raised both by the pleadings and by the evidence. As the case is to be tried again when the contentions of the parties and the evidence may not be the same no ruling will be made on this assignment of error.

■ The last exception is to the following charge: "If you find he [plaintiff] could not have prevented the injury to himself as the result of the negligence of the defendant in this case, then you will next pass to the question of damages;" the complaint being, that it was the expression of an opinion to the effect that the plaintiff suffered damages as a result of the negligence of the defendant. While the expression may be somewhat ambiguous we do not think the jury would likely interpret it to have the meaning contended for by the plaintiff in error.

The court erred in overruling the motion for a new trial.

*Judgment reversed. Sutton, P. J., concurs.*

PARKER, J., dissenting. I dissent from the ruling in division 3, and from the judgment reversing the trial court. One of the alleged acts of negligence charged to the defendant in the plaintiff's petition was the driving of his car in a dangerous place and at a high rate of speed with brakes in such bad condition that they would not stop the car promptly. In addition to the evidence quoted in the majority opinion, tending to relate to the condition of the brakes on the defendant's car, the record contains testimony to the effect that the tail light on the car was connected with the brakes, and that the witness tried to find out why the light was burning after the collision, and he looked at the brakes and the

404

clutch, and "the brake was down and the clutch was up;" and there was also testimony that the tail light was not burning. It appears also that the defendant was driving about forty miles per hour, and was thirty-five or forty feet behind a truck which he had followed for a quarter of a mile or more, and was going up a hill, and that although he applied his brakes when he saw that the truck in front of him had begun to stop, and stopped his car as quickly as he could, he bumped into the truck ahead of him and crossed over the center line of the highway and crashed into the plaintiff's car with force sufficient to wreck both cars and completely demolish the front parts of each. Those facts indicate that the defendant's brakes were not in good order, assuming they were applied promptly, as he contends. Under all the testimony and the circumstances surrounding the occurrence I think the court properly charged the jury respecting the contention that the defendant was negligent in operating his car without proper brakes. "To justify a charge on a given subject, it is not necessary there should be direct evidence going to that point; it is enough if there be something from which a legitimate process of reasoning can be carried on in respect to it." *Holland* v. *Long*, 57 *Ga.* 36, 41 (3); *Sovereign Camp W. O. W.* v. *McDaniel*, 20 *Ga. App.* 430 (93 S. E. 105); *Bullard* v. *Metropolitan Life Ins. Co.*, 31 *Ga. App.* 641 (3) (122 S. E. 75); *Orange Crush Bottling Co.* v. *Smith*, 35 *Ga. App.* 92 (132 S. E. 259). "To warrant the court in charging the jury on a given topic, . . it is not necessary that the evidence should shine upon it with a clear light. It is enough if glimpses of it be afforded by the evidence. Truth is often dim, but is truth nevertheless. Frequently amongst the facts best proved is one which no witness has mentioned in his testimony, such fact being an inference from other facts." Chief Justice Bleckley in *Brown* v. *Matthews*, 79 *Ga.* 1 (2) (4 S. E. 13).