## 47859. LAYTON v. KNIGHT.

HALL, Presiding Judge. Plaintiff in a personal injury action appeals from the granting of a summary judgment to the defendant. (We shall refer to the parties as plaintiff and defendant for clarity because, while their designation below was reversed, this is their actual status in the counterclaim which is the only action being litigated).

1. Plaintiff's basic contention is that the facts, though essentially undisputed, still leave room for inferences favorable to the plaintiff which, especially in a negligence case, should be considered by the jury.

There are three issues which plaintiff contends would fit the above category. The first is that the jury might find that plaintiff's vehicle never left her own lane. The plaintiff's evidence on this point is that she *does not know* whether, during an admitted fish-tail skid, the rear of her car crossed the center line. Defendant's evidence was, of course, that it had, and that in an attempt to avoid the collision, he had even partially left the pavement. It is basic that an inference can be drawn only from a fact and that whether a fact will authorize a particular inference is a matter of law.

"It appears that the confusion has arisen because of the failure of courts to distinguish between the question (1) whether the evidence reasonably establishes a given theory and the question (2) whether the evidence preponderates to one or another of the theories which it reasonably establishes. The first question is one for the court to decide. This is essentially an 'any evidence' question. There must be more than a 'scintilla' of circumstances to carry the case to the Jury. *Georgia R. &c. Co. v. Harris,* 1 Ga. App. 714, supra; Green, Georgia Law of Evidence, 86, 87, § 22. More than a 'scintilla' of circumstances 'means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' Consolidated Edison Co. v. National Labor Relations Board, 305 U. S. 197, 229 (59 SC 206, 83 LE 126). If it is permissible reasonably to draw a given inference from the circumstances proved, such inference is not mere speculation or conjecture. As Mr. Justice Cardozo (prior to his service on the Supreme Court of the United States) explained in People v. Van Aken, 217 N. Y. 532, 542 (112 NE 380), an inference is legitimate deduction whereas conjecture is mere unregulated suspicion. If the evidence reasonably establishes the plaintiff's theory it must be submitted to the jury for deciding the second question—whether the evidence preponderates to that theory or

to some other; and in deciding that the evidence preponderates to one permissible conclusion, the jury excludes all other less reasonable hypotheses." *McCarty v. National Life &c. Ins. Co.,* 107 Ga. App. 178, 182 (129 SE2d 408). At issue here is whether a statement of no knowledge is (1) a fact and (2) if so, would authorize conflicting inferences between which a jury might choose. We do not believe so, especially in the absence of any corroborative, circumstantial evidence. Other jurisdictions have also ruled this way.

"When a witness states that he does not know which of two inconsistent things are true, it cannot be inferred therefrom that either the one or the other is the fact." Leach v. Board of Dental Examiners, 262 P. 61 (Cal. App.). ". . . [N]o inference of fact may be drawn from a premise which is wholly uncertain." Pastor v. Cane, 134 A. 2d 95, 98 (D. C. Mun. App.).

2. The plaintiff's second contention is that she has alleged and also stated in her deposition that defendant had the last clear chance to avoid the collision and that this issue should go to the jury. The statement in the deposition is merely a conclusion, supported by no facts, and stands on the same footing as the allegation in the petition. However, the undisputed facts indicate that the doctrine is inapplicable. Plaintiff testified that she was traveling about 30 miles per hour when she went into the skid; that she traveled about 10 feet while in the skid; and that defendant was apparently proceeding at 35-45 miles per hour (on a road whose undisputed speed limit is 60 miles per hour). It also is undisputed that it is 152 feet from the point at which the incident occurred which caused the plaintiff to skid and the point of impact. First of all, accepting plaintiff's highest estimate of defendant's speed at 45 miles per hour (which is approximately 63 feet per second) and assuming he was aware of the above incident and anticipated a problem as far away as 152 feet, defendant had approximately 2.4 seconds to react and then take evasive action. Since his stopping distance would be approximately 217 feet (see table No. 176, AmJur2d Desk Book) his only possible course of action would be to immediately hurl himself off the highway with full right wheel steering—a risky maneuver at best. To say that the doctrine of last clear chance should apply under this set of facts is a patent absurdity.

3. Finally, plaintiff contends that defendant admitted liability on two occasions when he mentioned his insurance coverage. The testimony, however, shows that the alleged mention of insurance was not coupled with any admission of fault and would,

therefore, be inadmissible in any event. *Minnick v. Jackson,* 64 Ga. App. 554 (13 SE2d 891); *Goldstein v. Johnson,* 64 Ga. App. 31 (12 SE2d 92).

*Judgment affirmed. Eberhardt, P. J., Quillian, Clark and Stolz, JJ., concur. Bell, C. J., Pannell, Deen and Evans, JJ., dissent.*

ARGUED FEBRUARY 7, 1973 — DECIDED MAY 18, 1973.

*Rogers, Magruder & Hoyt, J. Clinton Sumner, Jr.,* for appellant. *Matthews, Walton, Smith, Shaw & Maddox, James D. Maddox,* for appellee.

EVANS, Judge, dissenting. W. H. Knight, as plaintiff, sued Mrs. Doris O. Layton, as defendant, for damages arising out of an automobile collision. Mrs. Layton answered and denied negligence, and by counterclaim prayed for damages against plaintiff.

Plaintiff filed a motion for summary judgment as to defendant's counterclaim, which motion was granted by the trial judge, taking from the jury the right to decide whether defendant could recover damages of plaintiff; and taking from the jury the right to decide the issue of negligence between the parties. The majority opinion affirms, while I dissent.

1. In *Wakefield v. A. R. Winter Co.,* 121 Ga. App. 259 (174 SE2d 178), Judge Hall, for this court, wrote an opinion, concurred in by Chief Judge Bell, and Judges Pannell, Deen, Quillian and Evans, treating the question of negligence thoroughly and exhaustively, and held: "Issues of negligence, including the related issues of assumption of risk, lack of ordinary care for one's own safety, lack of ordinary care in avoiding the consequences of another's negligence and comparative negligence, are ordinarily not susceptible of *summary* adjudication whether for or against the plaintiff or the defendant but must be resolved by a trial in the ordinary manner." In the *Wakefield* case, the defendant had been granted a summary judgment and this court reversed and set the judgment aside.

2. In the case sub judice the two automobiles were approaching each other on a wet and slippery road during a downpour of rain. Mrs. Layton, defendant, testified that she was running about 30 miles per hour, when another car suddenly cut in front of her, forcing her to reduce speed, which she attempted by lightly touching the brakes. This caused her car to skid and completely turn around in the road. The approaching car of plaintiff's struck defendant's car on the left rear fender. W. H. Knight, plaintiff, testified that his car was traveling at a speed of from 30 to 40 miles

per hour during this dark and rainy weather, and defendant's car turned in the highway, and crossed the center line just ahead of him, and struck his car on his left side. Defendant testified that she did not know whether her car was over the center line after it turned around in the road, while plaintiff testified that her car was across the center line and in his lane of travel. Plaintiff contended defendant's car struck his car, and defendant contended to the contrary.

3.  This court considered a quite similar situation in *Jackson v. Martin,* 89 Ga. App. 344 (79 SE2d 406). The evidence showed that defendant was traveling on her own side of the highway on a rainy day when the pavement was slippery, and met another car. Defendant was not traveling at a high rate of speed, but as the two cars met, for some *unexplained* reason, defendant's car skidded or slipped across the center line and collided with the other car. This court held that as plaintiff had the burden of showing defendant *negligently* crossed the center line, plaintiff could not prevail, if the crossing was unexplained, nor could he prevail if it was explained by slipping or skidding on the wet and slippery highway. In the case sub judice, the facts are much stronger in favor of Mrs. Layton, defendant, because a third car suddenly cut in front of her, which made it necessary for her to lightly touch the brakes in an attempt to reduce speed. Although she was not traveling at a high rate of speed (30 miles per hour) the combination of brakes and wet pavement caused her car to spin around in the highway in a manner which was completely unexpected by her. There was no way that she could foresee that a third car would suddenly cut in front of her, and she had no way of guarding against this sudden emergency except to lightly touch her brakes. No person knows with exactitude what an automobile will do on a wet pavement when it becomes necessary to lightly apply the brakes. It is not enough to say that her car was across the center line of the highway and in plaintiff's lane of travel at the time of the collision. The paramount question is whether her conduct amounted to negligence proximately causing the collision. What would an ordinarily prudent person have done under the same or similar circumstances? Code § 105-201. If she acted as any other ordinarily prudent person would have acted, she cannot be accounted negligent. Further, the principle of "sudden emergency" must be considered in her favor, which is that one confronted with a sudden emergency is not held to the same strict rule of accountability for exercising ordinary diligence as is a normal person under normal

circumstances. *Morgan v. Brown,* 71 Ga. App. 401, 402 (31 SE2d 208). But, most important, *all of these questions are for determination by a jury,* and the trial court should not have entered summary judgment against her, thus taking these questions away from the jury.

4. Further, defendant testified by affidavit that Mr. W. H. Knight, plaintiff, talked with her after the collision, and told her that he saw her car swerve as it came over the hill, but he could not stop in time to avoid hitting her, and "he told me several times not to worry about the collision, since his insurance would cover it." The majority opinion argues this testimony was inadmissible because it was not coupled with an admission of fault. This is fallacious reasoning in the extreme. This was an admission against interest by one of the parties to the litigation, and of course, admissions against interest are admissible evidence. Code § 38-403. Here the plaintiff admitted he saw defendant but could not stop in time to avoid striking her. What is this but an admission against interest? He also told her "not to worry about the collision since his insurance would cover it." The only possible way Knight's insurance could cover Mrs. Layton's damages was *in the event that his negligence caused the collision.* He recognized he was negligent and hereby admitted it, and of course, this was an admission against interest and was clearly admissible in evidence. See *Wade v. Drinkard,* 76 Ga. App. 159 (5) (45 SE2d 231).

5. Besides Judge Hall's case of *Wakefield v. A. R. Winter Co.,* 121 Ga. App. 259, supra, on negligence, it is well known that in motions for summary judgment, the evidence must be construed most favorably toward the party opposing that motion and most unfavorably toward the movant, and "where more than one inference can be drawn from the evidence, the duty of solving the mystery should be placed upon the jury and not the trial judge." *McCarty v. National Life & Acc. Ins. Co.,* 107 Ga. App. 178, 179 (129 SE2d 408). Even in cases where it may be proper to direct a verdict for one party, our courts have ruled that he still may not be entitled to a summary judgment on the identical evidence where the party making the motion does not have the proof at the trial. See *Werbin & Tenenbaum, Inc. v. Heard,* 121 Ga. App. 147 (3) (173 SE2d 114); *Southern Bell Tel. & Tel. Co. v . Beaver,* 120 Ga. App. 420 (3) (170 SE2d 737). Which is to say, it is much more difficult to secure a summary judgment by one on whom the burden of proof does not lie at the trial than it is to secure a directed verdict.

6. For all of the foregoing reasons, I feel that a jury should

determine the question of negligence between the plaintiff and defendant.

I therefore dissent. I am authorized to state that Chief Judge Bell and Judges Pannell and Deen join in this dissent.