Argued February 11, affirmed as modified March 3, 1977

# WADSWORTH PLUMBING AND HEATING COMPANY, INC., *Appellants,*

## *v.*

# TOLLYCRAFT CORPORATIONS, *Respondent.*

## (No. 402-082, SC 24364)

560 P2d 1080

Gary M. Bullock, Portland, argued the cause and filed a brief for appellant.

Jeffrey M. Batchelor, of Gearin, Cheney, Landis, Aebi & Kelley, Portland, argued the cause and filed a brief for respondent.

Before Denecke, Chief Justice, and Tongue, Howell, and Bradshaw, Justices.

HOWELL, J.

## HOWELL, J.

This is an action for breach of warranty in which plaintiff, Wadsworth Plumbing & Heating Co., Inc., seeks cancellation of its contract for the purchase of a boat from defendant Tollycraft and a return of the purchase price, as well as reimbursement for repair costs and for the reasonable value of improvements added to the boat. The trial court entered a judgment in plaintiff's favor, but plaintiff, being dissatisfied with the relief awarded, appeals from that judgment.

In August, 1971, plaintiff, through its president, Mr. Law, purchased from defendant a 34-foot pleasure fishing boat for $30,000. Innumerable mechanical difficulties developed shortly thereafter, the most serious of which involved continuing engine problems. Defendant assured plaintiff that the boat would be placed in good operating condition. Some of the difficulties were eventually remedied by the defendant, but plaintiff continued to have problems with the operation of the boat. On several occasions, plaintiff attempted to have these continuing problems remedied by third parties, but these efforts were also largely unsuccessful. During this same period, plaintiff also installed various additional equipment on the boat. Finally, in April, 1974, plaintiff's president notified defendant that he was revoking his acceptance and commenced this litigation. However, defendant again attempted to repair the defects and plaintiff retained possession of the boat. Thereafter, although the problems were not resolved, plaintiff continued to use the boat for fishing trips even up until the time of trial.

In its complaint, plaintiff alleged a count for breach of express warranty and two counts for breach of the implied warranties of merchantability and fitness for a particular purpose. The case was tried before the court without a jury. The court held that plaintiff's retention of the boat for 32 months before attempting revocation constituted an unreasonable delay after

discovery of the defect, and that, therefore, revocation of acceptance was not an available remedy. However, the trial court allowed plaintiff recovery for breach of implied warranty of merchantability and awarded $4,656.95 representing expenditures incurred by plaintiff in repairing the boat.

■ The primary thrust of plaintiff's argument on appeal is that the trial court erred in finding that plaintiff had waited too long before invoking revocation of acceptance.

ORS 72.6080 provides that a buyer may revoke his acceptance on the basis of a nonconformity which "substantially impairs its value to him," but the statute also provides that:

> "Revocation of acceptance must occur within a reasonable time after the buyer discovers or should have discovered the ground for it and before any substantial change in condition of the goods which is not caused by their own defects. It is not effective until the buyer notifies the seller of it."

What constitutes a reasonable time depends upon the facts and circumstances of each case, ORS 71.2040(2). *See also* Uniform Commercial Code § 2-608, Comment 4; *Lanners v. Whitney,* 247 Or 223, 234, 428 P2d 398 (1967); *Melms v. Mitchell,* 266 Or 208, 220, 512 P2d 1336 (1973).

The trial court, in a letter opinion, noted that:

> "In this situation, however, the plaintiff not only retained and utilized the boat for thirty-two months before attempting revocation, but continued to retain and use the boat until the present time. Furthermore, plaintiff has added various pieces of equipment to the boat which have increased its value and to some extent changed its condition. Under these circumstances, the basic question is whether the buyer delayed too long to revoke his acceptance in April, 1974. * * * Mr. Law discovered his problems with the boat on his first trip and threatened revocation at that time. A seller's assurance of repairs may justify additional time before revocation, but here Mr. Law continued to use and

modify the boat between repair episodes over a period of more than two years. The remedy of revocation of acceptance is simply no longer available to him."

Our examination of the record in this case leads us to the same conclusion.[1] While defendant's assurances and attempted repairs justified some of plaintiff's delay, we do not believe that even under such circumstances a delay of 32 months was reasonable. Moreover, plaintiff retained possession of the boat after his attempted revocation, and continued to use it for fishing trips right up to the time of trial. Under ORS 72.7110(3) and ORS 79.2070(1) and (4), a buyer who revokes his acceptance may retain the goods to protect his security interest pending reimbursement and may use or operate the collateral for the purpose of preserving it during that time. However, in our view, continued use of the boat for fishing trips does not indicate that plaintiff retained the boat for the purpose of preserving it. Rather, such use would appear to be an "act inconsistent with the seller's ownership" which, under ORS 72.6060(1)(c), constitutes a new acceptance. *Compare Jorgensen v. Pressnall,* 274 Or 285, 291-92, 545 P2d 1382 (1976); *Fablok Mills, Inc. v. Cocker Machine & Foundry Co.,* 125 NJ Super 251, 310 A2d 491 (1973).

■ Plaintiff also assigns as error the inclusion of the following paragraph in the findings, conclusion of law and judgment of the trial court:

"Plaintiff's claims for damages are not open-ended and the amounts found as damages are the total due under all circumstances, and plaintiff is entitled to no further damages in the future for repair of defects in the boat and its component parts."

---

[1]On appeal, plaintiff contends that this cause was actually a suit in equity rather than an action at law, and that this court should review the evidence de novo. Plaintiff's argument is inconsistent with the way the case was treated by all parties in the court below. However, we need not decide this issue because, even assuming that plaintiff is correct, we feel that plaintiff has clearly not made a valid revocation of acceptance under the circumstances of this case.

The paragraph should have been omitted. Anything relating to the boat which might occur in the future will have to await that time and event. There was no issue of any future damages before the court. On argument before this court, the defendant candidly admitted that the above paragraph was merely advisory.

Affirmed as modified.