Argued and submitted July 26, affirmed November 8, 1989

STEERS SECURITY INC.,
wtn Steers Security Systems, Inc.,
*Respondent,*

*v.*

SPORTSCOACH CORPORATION OF AMERICA et al,
*Appellants.*

(86-77 CV; CA A46575)

781 P2d 1267

Bruce Huffman, Klamath Falls, argued the cause and filed

the briefs for appellants Sportscoach Corporation of America and Siskiyou RV World, Inc.

Enver Bozgoz, Klamath Falls, argued the cause and filed the brief for respondent.

Before Joseph, Chief Judge, and Riggs and Edmonds, Judges.

EDMONDS, J.

## EDMONDS, J.

Defendants appeal from a judgment in a breach of warranty action. They assign error to the trial court's denial of their motion for a directed verdict. ORCP 60.[1] We affirm.

Plaintiff purchased a motorhome from defendants. The motorhome was defective in several particulars covered by a limited warranty.[2] Plaintiff made numerous attempts to have it repaired under warranty. After all attempts failed, plaintiff filed this action for rescission[3] and damages under the Magnuson-Moss Warranty Act. 15 USC § 2301 *et seq.* At the end of plaintiff's case-in-chief, defendants moved for a directed verdict, based on plaintiff's possession of the motorhome for 10 months following the filing of the action.

■ Defendants argue that plaintiff's continued possession of the motorhome was inconsistent with the sellers' ownership and evidenced a new acceptance of the motorhome as a matter of law. Section 2310 of the Magnuson-Moss Warranty Act makes "damages and other legal and equitable relief" available for failure to comply with any obligation under a written or implied warranty. 15 USC § 2310(d)(1). In enacting the Magnuson-Moss Warranty Act, Congress did not intend to nullify the Uniform Commercial Code regarding warranties and remedies. *See Walsh v. Ford Motor Co.,* 627 F Supp 1519, 1524 (D DC 1986). Both parties rely on the UCC in their arguments. Accordingly, we look to the UCC to determine if the court erred in denying defendants' motion.

■ ORS 72.6080 provides for revocation of acceptance if a breach of warranty substantially impairs the value of a good. However, a reacceptance may occur if the buyer does any act inconsistent with the seller's ownership. ORS 72.6060(1)(c). A buyer who revokes acceptance may retain the property to protect his interest, pending reimbursement, and may use the

---

[1] Defendants' other assignments of error lack merit.

[2] The record contains numerous invoices for repair of the motorhome's roof, air conditioner, generator and interior. Plaintiff relies on a leaky roof as the vehicle's continuing defect.

[3] Although both parties use the term "rescission," the remedy sought by plaintiff is more properly described as "cancellation" resulting from a revocation of acceptance under the UCC. ORS 72.6080; ORS 72.7110; *see McGinnis v. Wentworth Chevrolet Co.,* 295 Or 494, 497 n 4, 668 P2d 365 (1983).

collateral for the purposes of preserving it during that time, so long as that use is not inconsistent with the seller's ownership. *Wadsworth Plumbing v. Tollycraft Corp.,* 277 Or 433, 437, 560 P2d 1080 (1977).

■■ Plaintiff's representative testified that he stored the motorhome during the pendency of the action. On cross-examination, he admitted that he may have used the motor-home to transport his daughter to a hospital in Portland. In *Wadsworth Plumbing v. Tollycraft Corp., supra,* the court held that the continuing use of a fishing boat up to the time of trial indicated that the plaintiff did not retain it for the purpose of preserving it. In *Jorgensen v. Pressnall,* 274 Or 285, 292, 545 P2d 1382 (1976), the court held that, although the plaintiffs continued to occupy a mobile home, that occupancy was not inconsistent with the seller's ownership when their alternative was to find covered storage, which would have been expensive. This case does not involve a continuing use, but an isolated instance of use. An isolated instance of use is not necessarily an act that is inconsistent with the seller's ownership when the law permits the buyer to retain possession. We decline to hold that the trip to Portland constituted an act of "reacceptance" as a matter of law. The trial court did not err in denying defendants' motion.

Affirmed.