31915.   PECK *v.* BAKER.

Decided March 5, 1948.

*Kenyon, Kenyon & Gunter,* for plaintiff.

*Johnson & Johnson,* for defendant.

SUTTON, C. J. (After stating the foregoing facts.) ■ Did the trial judge err in directing a verdict? "Where there is no conflict in the evidence, and that introduced, with all reasonable deductions or inferences therefrom, shall demand a particular verdict, the court may direct the jury to find for the party entitled thereto." Code, § 110-104. But when there is any material conflict in the evidence, and where the evidence introduced, with all reasonable deductions and inferences therefrom, does not demand a particular verdict, then it is error to direct a verdict, although the evidence may preponderate very strongly in favor of the party in whose favor the verdict is directed. *Wood* v. *Bellamy,* 154 *Ga.* 431 (114 S. E. 579); *Culver* v. *Wood,* 138 *Ga.* 60 (74 S. E. 790); *Green* v. *Scurry,* 134 *Ga.* 482 (68 S. E. 77).

This was an action for damages for personal injuries based on the alleged negligence of the defendant in the operation of a motor vehicle on a public highway in this State. The defendant was driving a 1937 Ford pickup truck and was traveling south on the Gainesville-Cleveland highway. The plaintiff crossed this highway in front of her home to the mailbox on the opposite side of the road to get her mail. The mail carrier drove up in a model A Ford and pulled his car off the pavement onto the shoulder of the road at the mailbox and handed a letter to the plaintiff. He said that he stopped "there just a minute," while the plaintiff opened the letter, and as the mail man started his car and was pulling back onto the highway the plaintiff walked around back of his car and started across the road to her home. The highway was straight for about 200 yards north of the plaintiff's home and the mailbox, and after the defendant got on this straight stretch of road he saw the mailman's car standing at the mailbox and also saw the plaintiff standing there, but he did not know who she was at that time. The defendant was going south and was driving his truck, which was partially loaded, at a rate of speed of 35 miles per hour. He saw the mail carrier's car move off and gradually pull back onto the pavement, and about the time he met the mail man he saw the plaintiff crossing the road in front of him, and when he then saw her she was on the left-hand side of the pavement within about 5 feet of the center line. He said

that she was running, and she said that she was walking. The defendant did not apply his brakes, but continuing on the same rate of speed the front of his car struck the plaintiff when she was on the right-hand side or right-hand portion of the pavement in front of her home. According to the evidence, the defendant did not apply his brakes or slacken the speed of his car from the time he first saw the mail carrier's car and the plaintiff standing at the mailbox until his car collided with her as she was crossing the road on the way back to her home. He testified that he stopped his truck as soon as he could, but the evidence shows that he traveled up grade and around a curve for about 180 feet after striking the plaintiff before he stopped his car.

The Code, § 68-302, provides that "every motor vehicle . . while in use or operation upon the streets or highways, shall at all times be provided and equipped with efficient and serviceable brakes." One of the grounds of negligence charged against the defendant was that he was operating his car in violation of this provision of the statute. The evidence in this respect was conflicting, but the jury would have been authorized to find that his truck was not equipped with efficient and serviceable brakes.

"Upon approaching or passing any person walking in the roadway, or traveling any public street or highway . . the operator of a motor vehicle . . shall at all times have the same under immediate control." Code § 68-304. The plaintiff charged the defendant with a violation of this statute. Can it be said as a matter of law, under the evidence in this case, that the defendant had his car under immediate control at the time and place of the collision? "A pedestrian and a person with an automobile have each the right to use the public highway, but the right of an operator of an automobile upon the highway is not superior to the right of the pedestrian, and it is the duty of each to exercise his right with due regard to the corresponding rights of the other." *O'Dowd* v. *Newnham*, 13 *Ga. App.* 220 (80 S. E. 36); *Sprayberry* v. *Snow*, 190 *Ga.* 723, 728 (10 S. E. 2d, 179). Whether the plaintiff was walking across the highway, as she contended, or was running across the highway, as contended by the defendant, was an issue of fact for the jury, since the evidence as to this was sharply conflicting. While the defendant testified that he did not see the plaintiff until she was near the

center of the left-hand side of the highway, it does not appear that he could not have seen her earlier, if he had been keeping and maintaining a constant and vigilant lookout ahead of his truck as he proceeded along the highway. While the speed of 35 miles per hour, at which the defendant testified that he was operating his truck, was not such a speed as would constitute a violation of law, whether or not it was a rate of speed greater than was reasonable and safe, considering the width, grade, character, traffic, and common use and condition then existing on said highway at that time and place, was also an issue of fact for a jury, under the pleadings and evidence of this case. See Code § 68-301.

It is contended by the defendant in error that the evidence demanded a finding that the plaintiff was guilty of such a want of due care for her own preservation and safety as would preclude a recovery by her of the defendant. We think that this was also an issue for a jury. The plaintiff testified that she looked both up and down the highway before she attempted to cross it, and did not see any approaching vehicle. While the defendant testified that he did not see her until she was within 20 feet of his truck, whether he should have seen her earlier and taken such precautions to avoid injuring her as would meet the requirements of ordinary care was likewise an issue for the jury. "Questions of negligence, diligence, contributory negligence, and proximate cause are peculiarly matters for the jury, and a court should not take the place of a jury in solving them, except in plain and indisputable cases." *Eubanks* v. *Mullis*, 51 *Ga. App.* 728, 730 (181 S. E. 604).

Under all the facts and circumstances of this case, we can not say as a matter of law that the defendant was not negligent in one or more of the ways charged in the petition, and that this negligence was not the proximate cause of the plaintiff's injuries, or that the evidence demanded a finding that the plaintiff's injuries were the proximate result of her failure to exercise due care for her own preservation and safety, but these were issues for a jury. We think that the trial judge erred in directing a verdict. *Judgment reversed. Felton and Parker, JJ., concur.*