43241.   BROWN v. IOCOVOZZI.

ARGUED JANUARY 3, 1968—DECIDED APRIL 25, 1968.

*Findley, Solms, Gannam, Head & Buchsbaum, Michael J. Gannam, Cail, Cail & Petit, Kenneth H. Cail,* for appellant.

*Bouhan, Lawrence, Williams & Levy, Frank W. Seiler,* for appellee.

WHITMAN, Judge. Under the view we take of the pleadings, the plaintiff's deposition and the affidavit of the defendant's employee, the issues presented to the trial court by the defendant's motion for summary judgment were (1) whether the facts showed no negligence on the part of the defendant, or (2) even if the defendant was negligent, whether the plaintiff nevertheless failed to exercise ordinary care for her own safety.

Both of these questions are ordinarily matters for determination by a jury. "Questions of negligence, diligence, contributory negligence, and proximate cause are peculiarly matters for a jury, and a court should not take the place of a jury in solving them, except in plain and indisputable cases." *Peck v. Baker,*

76 Ga. App. 588 (1a) (46 SE2d 751). The *Peck* case concerned
the propriety of a directed verdict by the trial court. However,
"[t]he theory underlying a motion for summary judgment is
. . . substantially the same as that underlying a motion for
directed verdict. The essence of both motions is that there is
no genuine issue of material fact to be resolved by the trier of
the facts, and that the movant is entitled to judgment on the
law applicable to the established facts." 6 Moore's Federal
Practice 2d, Par. 56.04[2] at page 2066. Moore also observes
that "issues of negligence, including such related issues as wan-
ton or contributory negligence, are ordinarily not susceptible of
summary adjudication either for or against the claimant, but
should be resolved by trial in the ordinary manner." 6 Moore's
Federal Practice 2d, Par. 56.17[42] at page 2583, citing cases.

The only matter that remains for consideration, therefore, is
whether there was plainly and indisputably no negligence by
the defendant or whether plaintiff plainly and indisputably
failed to exercise ordinary care for her own safety.

This court is not prepared to hold that the owner of a bar
owes any greater duty to his customers than any other busi-
ness establishment owes to its invitees or that patrons of bars
can expect a higher degree of care by virtue of that fact. But
the owner of any business establishment owes a duty to exercise
ordinary care in keeping the approaches and passages which he
expects and invites his customers to traverse free of objects and
conditions of which he has knowledge and which might fore-
seeably cause injury. *Kitchens v. Davis,* 96 Ga. App. 30 (99
SE2d 266); *Code* § 105-401. The evidence was that there were
several objects on the floor of a very dimly lighted storage room
through which the plaintiff was expected to walk. We can not
say that they were so located that they created no hazard. Nor
can we say that the fact that the plaintiff and another safely
made their way to the restroom shows plainly and indisputably
that the passage was safe and that defendant was not negligent
as a matter of law. The jury is best equipped to make the
determination of whether the defendant was negligent under such
circumstances.

Nor can we say that the plaintiff obviously failed to exercise

ordinary care for her own safety. Defendant takes the position that this case is controlled by the principle that one who recklessly tests an observed and clearly obvious peril is guilty of a lack of ordinary care as was held in *Carroll Electric &c. Corp. v. Simpson*, 106 Ga. App. 29 (2) (126 SE2d 310), and that plaintiff knew she had experienced a change in her visual ability, if such was a fact, and should have waited until her eyes had a chance to readjust to the lighting conditions before attempting to find her way back to the bar; that one who chooses to walk in darkness does not exercise ordinary care for his own safety as a matter of law (*Bridger v. Gresham*, 111 Ga. 814 (35 SE 677)). But see *Kreiss v. Allatoona Landing*, 108 Ga. App. 427, 432 (133 SE2d 602), where this court said: "This court cannot accept the premise that every person injured *while walking in darkness regardless of the attendant circumstances* has failed to exercise ordinary care for his own safety and thus is precluded by law from recovering for his injuries." Suffice it to say that the jury could find that the storeroom was not so dark that one in the exercise of ordinary care should not have proceeded.

*Judgment reversed. Felton, C. J., and Eberhardt, J., concur.*