## 44391. GENERAL MOTORS CORPORATION v. WILSON et al.

PANNELL, Judge. Marian D. Wilson brought a complaint against Imogene Ross, International Ladies Garment Workers Union and General Motors Corporation in two counts. Count 1 was against all three defendants and seeking recovery against General Motors Corporation under an alleged warranty as to the merchantability of the vehicle and alleged that the vehicle in which the plaintiff was a passenger driven by Imogene Ross was being driven down an incline and that the brakes ceased to function properly, the master cylinder failed to maintain its pressure and the hoses connecting the cylinder with each wheel began to leak and failed to transmit the hydraulic pressure to the brake cylinders when the brake pedal was pushed down, that the wheel cylinders ceased to operate properly and failed to cause the brake shoes to be forced out to the wheel drums and the brakes did as a whole fail to operate. Count 2 of the petition alleged negligence on the part of the defendant Ross and International Ladies Garment Workers Union and sought recovery on this basis against them alone. General Motors Corporation made a motion for summary judgment based upon "the pleadings and all documents attached thereto on file" and upon an affidavit of H. Fred Hansen, attached to the motion, the material parts of which read as follows: "I am familiar with the construction and functioning of the individual parts and of the entire vehicle of most of the automotive vehicles now in use.

"I am familiar with the 1967 Bel-Air Chevrolet automobile, Motor Identification No. 156697D113075, which was the subject of an accident on July 12, 1967, near Downey, Idaho, and is the subject of the above litigation. I made a thorough examination of this vehicle on behalf of General Motors Corporation following the accident. *I made a full examination of the vehicle on September 11, 1967, and on various occasions thereafter.* I examined the vehicle before any repair or change of any kind was made to any part of the vehicle following the accident. *I made a particular investigation of the entire braking system of the automobile.*

"*At the time of my inspections of the vehicle and at the time of the accident, July 12, 1967, the braking system of this automobile was in good working order and free from any defects.*

The master cylinder maintained full pressure; there had been no leaking of brake fluid from the hoses or from any other part of the braking system. The braking system properly transmitted the hydraulic pressure to the wheel cylinders when the brakes were applied. The wheel cylinders were operating properly, allowing the brake shoes to be pressed against the brake drums in the proper manner, when the braking system was applied by the driver.

*"I have further examined the roadway and road conditions at the accident location, including photographs of the skid marks made by the accident vehicle. Based on my experience and background and my examination of the highway and road conditions at the location of the accident and my examination of the entire vehicle, including the braking system, it is clear that the braking system was functioning properly and in good working order, having no defects, at the time the accident occurred; that the cause of the accident was not due in any way, directly or indirectly to the braking system of the accident automobile."* (Emphasis supplied.) There also appears in the record an affidavit of Lawson G. Cox, filed the day before the court denied the motion for summary judgment. It does not appear affirmatively that this affidavit was introduced into evidence or considered by the trial judge, nor do the contents thereof shed any light upon the issues on the motion for summary judgment. It appears therefore that the motion for summary judgment is based solely upon the affidavit of H. Fred Hansen. The case is before this court on an appeal from the denial of the appellant's motion for summary judgment. *Held:*

The material matters referred to in the affidavit, that is, whether the brakes were in good operating condition or were defective at the time of the accident, represent a mere matter of expert opinion, formed from an inspection made approximately two months after the accident, and such testimony does not afford the basis for the grant of a summary judgment.

"While opinion evidence is sufficient in a proper case to present a jury issue and thus preclude a summary judgment, yet the opinion testimony of the ultimate fact to be decided in the case is never sufficient to authorize the grant of a summary judgment." *Harrison v. Tuggle,* 225 Ga. 211 (2) (167 SE2d 395); *Ginn v. Morgan,* 225 Ga. 192 (167 SE2d 393). See also *Truluck v. Funderburk,* 119 Ga. App. 734 (168 SE2d 657).

*Judgment affirmed. Felton, C. J., and Quillian, J., concur.*

158

ARGUED APRIL 7, 1969—DECIDED JULY 2, 1969—
REHEARING DENIED JULY 23, 1969.

*King & Spalding, Charles H. Kirbo, Byron Attridge, Charles M. Shaffer, Jr.,* for appellant.

*Woodruff, Savell, Lane & Williams, Edward L. Savell, Paul R. Koehler,* for appellees.