51701. LAKE v. HAMILTON BANK OF DALTON.

EVANS, Judge.

On February 28, 1973, the Hardwick Bank of Dalton, Georgia, loaned $6,000 with a finance charge of $1,080 to Grady V. Lake and W. B. Wall, repayable in installments

to the holder of said note.

Hamilton Bank of Dalton, also known as Hardwick Bank of Dalton, Georgia, sued Dr. Grady V. Lake in the State Court of DeKalb County for the payment of the outstanding balance on the note and attorney fees, alleging it to be past due and unpaid.

Defendant answered, denying the indebtedness and denying that he had executed the note. He contends his signature thereon was a forgery. His second defense was that the note sued on was never made, executed, or signed by him or by any person so authorized by him, which seems to be but a repetition of his first defense.

After discovery, the plaintiff moved for summary judgment which was granted. Defendant appeals. *Held:*

1. By his answers to request for admissions and by deposition, the defendant, although admitting he and the other defendant had on other occasions borrowed money he still contended under oath that he had not signed this particular note, had never seen the note, and the signature "Grady V. Lake" shown thereon was not his signature; that he did not authorize anyone else to sign the note for him.

2. On motion for summary judgment, plaintiff had the burden of proof. This he failed to carry. It is true that defendant offered an affidavit which was perhaps not served in time to allow its introduction but that makes no difference in this case, as plaintiff had not carried the burden imposed upon it as movant for the summary judgment herein.

3. The plaintiff submitted affidavits by one witness *based upon personal knowledge that the note bears the signature of Grady V. Lake,* and another affidavit of a handwriting expert that it was her opinion that the signature reading "Grady V. Lake" was in fact written by "Grady V. Lake" as shown on other writings signed by Grady V. Lake.

4. The opinion of an expert is always admissible under Code Ann. § 38-1710, but it has been held too many times to mention that the opinions of an expert alone are insufficient on which to grant summary judgment. See *Ginn v. Morgan,* 225 Ga. 192, 193 (167 SE2d 393); *General Motors Corp. v. Wilson,* 120 Ga. App. 156, 157

(169 SE2d 749).

5. Further, the affidavit of the bank officer, who alleges it is made on "personal knowledge," does not show that he witnessed the signature or that Grady V. Lake executed same. At most it is merely a statement of fact that the bank is the holder of a note "which bears the signature of Grady V. Lake." If this be construed as saying this was the signature of the Grady V. Lake being sued, it amounts to a mere conclusion, and cannot be considered but must be disregarded. See *Chandler v. Gately,* 119 Ga. App. 513 (1) (167 SE2d 697); *Matthews v. Wilson,* 119 Ga. App. 708, 711 (168 SE2d 864); *Patterson v. Cotton States &c. Ins. Co.,* 221 Ga. 878, 882 (148 SE2d 320).

6. Issues of fact remained for jury consideration, and the lower court erred in granting the summary judgment for plaintiff.

*Judgment reversed. Marshall and Stolz, JJ., concur.*

ARGUED JANUARY 9, 1976 — DECIDED FEBRUARY 13, 1976.

*Ted D. Spears,* for appellant.
*Katz, Paller & Land, John E. Robinson,* for appellee.

