### 54480. GRIFFIN v. WITTFELD et al.

SHULMAN, Judge.

Plaintiff-appellant brought suit praying for damages for pain and suffering plus punitive damages allegedly arising from a car wreck in which defendant-appellee rear-ended appellant's vehicle. Defendants moved for summary judgment on the grounds that suit was barred by the Georgia Motor Vehicle Reparations Act, § 56-3401b et seq. This appeal is from the grant of summary judgment in favor of defendants.

1. Appellees argue that this court should not consider appellant's arguments advanced in opposition to

the summary judgment because the arguments were not raised in the court below. We do not agree.

"It is not a prerequisite for the review of the enumerated errors, that the plaintiff object to or make an issue of these errors at the trial below, when the alleged errors are asserted as reasons why the trial court should not have granted the defendant's motion for summary judgment. Rule 56(h), CPA (Code Ann. § 81A-156 (h))." *Southern Protective Products Co. v. Leasing International, Inc.,* 134 Ga. App. 945, 946 (216 SE2d 725).

2. The court in granting summary judgment found that plaintiff's suit was barred because she failed to sustain a "serious injury" as required by the Act. Code Ann. § 56-3402b (j) defines "serious injury" to include ". . . an injury resulting in disability for not less than 10 consecutive days." In her complaint, it was alleged that plaintiff "suffered severe permanent disability to her body." Defendants' motion for summary judgment failed to address the nature and extent of injuries sustained by plaintiff and therefore did not pierce plaintiff's allegations.

"The burden is on the defendant in its motion for summary judgment to affirmatively negative plaintiff's claim and show plaintiff is not entitled to recover under any theory of the case and this by evidence, which demands a finding to that effect. [Cits.]" *First of Ga. Ins. Co. v. Josey,* 129 Ga. App. 14, 15 (198 SE2d 381). Not having pierced the pleadings, appellees failed to carry their burden.

3. Since appellees failed to carry the burden of piercing the pleadings concerning the extent and nature of appellant's injuries, appellees' contention that appellant's depositions and affidavits relating to injuries sustained were based on hearsay is immaterial. Cf. *State Farm Mut. Auto. Ins. Co. v. Tucker,* 130 Ga. App. 187 (202 SE2d 551) (where defendant moves for summary judgment, all evidence is construed against movant and in favor of party opposing motion; it is immaterial that there are inconsistencies in depositions and affidavits of party opposing motion).

"[U]ntil movant has made a prima facie showing by evidence which demands a finding in his favor as to the

particular matter, there is no duty upon the opposing party to produce rebuttal evidence. [Cits.]" *Henderson v. Atlanta Transit System, Inc.,* 133 Ga. App. 354 (1) (210 SE2d 845).

4. In the court below, appellant contended that even if no "serious injury" as defined in Code Ann. § 56-3402b (j) was sustained, she was entitled to bring a suit for punitive damages alone. The trial court held in its order granting summary judgment that a suit for punitive damages[1] without "serious injury" would not lie under our Motor Vehicle Reparations Act. We agree.

Code Ann. § 56-3410b (a) provides that, "In an action against the person insured as provided in section 56-3403b [as were appellees in this case], or self-insurer, to recover damages because of accidental bodily injury arising out of ownership, operation, maintenance, or use of an insured motor vehicle in this State, an insured person *shall be exempt from liability to pay damages for noneconomic loss unless the injury is a serious injury as defined in subsection (j) of section 56-3402b.*" (Emphasis supplied.)

The question presented, then, is whether exemplary damages constitute noneconomic loss within our "No-Fault Law" so as to bar recovery if no serious injury is proven.

Noneconomic loss as defined in Code Ann. § 56-3402b (1) means pain, suffering, inconvenience and other nonpecuniary damages recoverable under the tort law of this state. Economic loss means pecuniary loss (Code Ann. § 56-3402b (k)), and includes necessary medical expenses, loss of income, value of services in lieu of those performed by insured in the absence of injury, and funeral and burial expenses. It follows from these definitions that exemplary damages constitute noneconomic loss within our "No-Fault Law" and are not recoverable without serious

---

[1] The usage of the term "punitive damages" is a misnomer. There are no provisions for punitive damages in our Code. The damages referred to, if recoverable, are those authorized by Code Ann. § 105-2002. *Blanchard v. Westview Cemetery,* 133 Ga. App. 262 (211 SE2d 135).

injury.

5. In accordance with Division 2 of this opinion, the summary judgment is reversed insofar as the trial court held that as a matter of law plaintiff/appellee had not sustained a serious injury within the meaning of the Georgia Motor Vehicle Reparations Act. In accordance with Division 4 of this opinion, the summary judgment is affirmed insofar as it holds that a showing of serious injury is a requisite to recovery of exemplary damages under our "No-Fault Law."

*Judgment affirmed in part and reversed in part. Quillian, P. J., and Banke, J., concur.*

ARGUED SEPTEMBER 15, 1977 — DECIDED OCTOBER 12, 1977.

*Calhoun & Donaldson, George M. Hubbard,* for appellant.

*Adams, Adams, Brennan & Gardner, Richard A. Rominger, Kathleen Horne,* for appellees.

