**FREEMAN OLDSMOBILE MAZDA CO., Appellant,**

v.

**Jess F. PINSON, Appellee.**

**No. 5266.**

Court of Civil Appeals of Texas, Eastland.

March 29, 1979.

Rehearing Denied April 26, 1979.

Stephen R. Bishop and Roy J. True, True & Zable, Dallas, for appellant.

V. Wayne Pope, Dallas, for appellee.

Before McCLOUD, C. J., DICKENSON and BROWN, JJ.

RALEIGH BROWN, Justice.

This is a Deceptive Trade Practices and Consumer Protection Act case. Jess F. Pinson sued Freeman Oldsmobile Mazda Co., seeking damages, attorney's fees and costs allegedly sustained by him as a result of violations of the act transpiring from the purchase of a new 1976 Oldsmobile. After a nonjury trial, judgment was entered granting Pinson rescission of the contract and directing Freeman Oldsmobile to pay Pinson the purchase price. Upon such payment, Pinson was to return the automobile to defendant. Freeman Oldsmobile appeals. We reverse and render.

Pinson purchased a new Oldsmobile Starfire automobile from Freeman Oldsmobile on or about July 29, 1976, for a purchase price of $5,720.33. A few days after the purchase, Pinson noticed approximately four small indentations on the hood of the automobile and noticed some paint overspray on the left rear quarter panel of the automobile. He notified Freeman Oldsmobile of his discovery, and Freeman offered to correct the defects without charge to Pinson under the new car warranty. The cost to repair the warranty defects was estimated to be from $75 to $100. Pinson refused to allow Freeman Oldsmobile to correct the defects and instituted the instant case. At the conclusion of his case, Pinson acknowledged his claim for treble damages was not well taken and advised the court he was not pursuing such claim, but was relying on his claim for rescission of the transaction.

The court in its findings of fact and conclusions of law stated:

That the Plaintiff herein purchased a 1976 Oldsmobile Starfire automobile for the sum of $5,720.33; that at the time of delivery of the vehicle in question, the vehicle was not as represented in that it contained certain defects, the nature of

which the Defendant either knew or should have known in the exercise of ordinary care and failed to disclose to the Plaintiff upon delivery of the vehicle; that shortly thereafter, the Plaintiff discovered said defects and tendered or offered to tender the vehicle back to the Defendant in exchange for the return of the purchase price; that the tender was declined; that the transaction falls within the purvue of the Texas Deceptive Trade Practices—Consumer Protection Act, Texas Business and Commerce Code, as a prohibited transaction; that treble damages would not apply because the Plaintiff's damages lie under Sec. 17.-50(b)(3) but that attorney's fees to the Plaintiff would apply, that the attorney's fees were agreed and stipulated by counsel for both sides as to the amount but not as to the applicability.

The primary thrust of appellant's appeal is that there is no evidence of the essential elements necessary to support a judgment for rescission. We agree.

█ Our first question is whether it is necessary to plead and prove grounds for rescission under the Deceptive Trade Act to be entitled to such relief.

Prior to the adoption of the Texas Business & Commerce Code in 1967, the law concerning the right to rescission was stated in *Mathis Equipment Company v. Rosson*, 386 S.W.2d 854 (Tex.Civ.App.—Corpus Christi 1964, writ ref'd n. r. e.) to be:

It is well settled in Texas that in the absence of fraud or an agreement allowing the property to be returned to the seller, rescission for breach of warranty can be availed of by the purchaser only where the identity of the article is involved and it proves to be something other than that which was purchased or if such article is wholly worthless for the purpose for which it was sold. *Wright v. Davenport*, 44 Tex. 164, 167 (1875); *Dillard v. Clutter*, 145 S.W.2d 632 (Tex.Civ. App., 1940, writ ref.); *Bedner v. Dunigan Tool & Supply Company*, 142 Tex. 663, 180 S.W.2d 919 (1944); 77 C.J.S. Sales § 100, pages 796–797; 37A Tex.Jur., Sales § 352, page 731.

See also *Bill McDavid Oldsmobile, Inc. v. Mulcahy*, 533 S.W.2d 160 (Tex.Civ.App.—Houston (1st Dist.) 1976, no writ); *Villarreal v. Boggus Motor Company*, 471 S.W.2d 615 (Tex.Civ.App.—Corpus Christi 1971, writ ref'd n. r. e.).

In *Dillard v. Clutter*, 145 S.W.2d 632 (Tex.Civ.App.—Amarillo 1940, writ ref'd), the court said:

There is no general rule of law better established in this State than that, in the absence of fraud or an express agreement to take back an article or property sold under a warranty, the vendee cannot return the article and recover back all of the purchase money or that part of it which he has paid . . . (citing authorities).

The only condition under which a buyer has the right of rescission by reason of the warranty of the seller, in the absence of fraud or an agreement for rescission, is where the article or property purchased proves wholly unsuitable for the use or purpose to which it is known by the seller that the buyer intends to place it, or the identity of the article and it proves to be something other than that which was purchased. . . .

There is no dispute, in the instant case, but that Pinson accepted and used the 1976 Oldsmobile Starfire and that such automobile was the specific article involved in the contract of sale between the parties. Title to the automobile passed to Pinson and the contract became executed. There was no evidence of an agreement allowing the property to be returned to the seller.

The Texas Business & Commerce Code, V.T.C.A. (1968), which includes the Deceptive Trade Act, provides in part:

Section 2.608.

(a) The buyer may revoke his acceptance of a lot or commercial unit whose nonconformity *substantially impairs its value to him* . . .

Section 2.711.

(a) Where . . . the buyer rightfully rejects or justifiably revokes accept-

ance then with respect to any goods involved, and with respect to the whole if the breach goes to the whole contract (Section 2.612), the buyer may cancel and whether or not he has done so may in addition to recovering so much of the price as has been paid . . . (emphasis ours)

Under Section 2.711, supra, Pinson's right to tender back the Oldsmobile and demand return of the purchase price depended upon whether or not he justifiably revoked acceptance of the automobile. Section 2.608 authorized Pinson to revoke his acceptance of the automobile if its nonconformity substantially impaired its value to him where he had accepted it without discovery of such nonconformity because of the difficulty of discovery before acceptance.

Section 17.50(b)(3) relied on by the trial court provides that the consumer must prevail in order to obtain a court order restoring his money. This does not eliminate the requirements as set forth in Section 2.711 and Section 2.608 for a plaintiff to be entitled to rescission.

We conclude that to be entitled to rescission Pinson had to at least plead and prove that he justifiably revoked acceptance of the automobile by pleading and proving that its nonconformity substantially impaired its value to him.

Pinson neither pleaded nor presented evidence of loss of use of the automobile or that the automobile was of any less value to him. Such matters were not tried by consent. The only evidence before the trial court as to the impairment of the value of the automobile was that of the estimated cost of repairs. Pinson refused Freeman Oldsmobile's offer to make such repairs at no cost to him.

We hold that Pinson has failed to plead and prove the nonconformity substantially impaired the value of the automobile to him and further hold as a matter of law that a $75 to $100 defect in a $5,720.33 automobile is not such a nonconformity as to substantially impair the value of the car. Therefore, Pinson was not authorized under Section 2.608 to revoke his acceptance of the car and recover the price paid. The trial court erred in ordering rescission of the sale.

The judgment of the trial court is reversed and judgment is here rendered that Jess F. Pinson take nothing.