65546. FORT et al. v. BOONE.

BIRDSONG, Judge.

Summary Judgment. The undisputed facts show that on October 28, 1980 at approximately 1:00 a.m. in Effingham County, Fort was driving his pickup truck north on Georgia Highway 17. Approaching Fort's vehicle from the north and proceeding south was a Pontiac operated by the deceased Boyd. Evidence (by affidavit) was offered and not contradicted that Fort was proceeding on his side of the highway, in a normal, prudent manner within the speed limit. No evidence was forthcoming as to the speed of Boyd's vehicle but it was established that Boyd was intoxicated. Fort and his passenger (by affidavit) stated that as the cars neared each other Boyd's vehicle veered from the southbound lane across the center line into the northbound lane occupied by Fort's vehicle. Though Fort drove to the far right side of his lane to avoid a collision, Boyd continued on into the northbound lane and the left front of Boyd's vehicle collided with the left front of Fort's vehicle at a point indicating Fort was driving off the right side of the northbound lane.

Fort and his passenger were both injured and were removed from the scene by ambulance. Boyd was trapped in his vehicle and died at the scene. A Georgia Highway Patrolman investigated the accident and verified the above stated factual occurrences. The patrolman rendered an expert opinion that the accident was caused by Boyd, while intoxicated, driving across the center lane and striking the Fort vehicle, without fault by Fort. Nevel Boone as next of kin and administrator brought suit for wrongful death. No affidavits (or other evidence) were offered by Boone except by way of conclusory allegation in the complaint that Fort was guilty of negligence and wilful, wanton conduct by operating his car in (an undefined) reckless, careless, and negligent manner causing Boyd to cross over into Fort's lane, colliding with Fort in an attempt to avoid the collision. Fort and his insurer, Hartford Insurance Co., moved the

trial court for summary judgment. There was no evidence showing lack of negligence on the part of Boyd and there was no factual establishment of probable negligence on the part of Fort; nevertheless, the trial court denied Fort and his insurer summary judgment but issued a certificate of immediate review. This court granted the motion for interlocutory appeal filed by Fort and the insurer. The sole enumeration of error is the denial of the summary judgment. *Held:*

The burden is on the party who moves for summary judgment to produce evidence which conclusively negates the essential elements entitling the respondent to recover under any theory that may be drawn fairly from the pleadings and the evidence. *Raven v. Dodd's Auto Sales & Svc.,* 117 Ga. App. 416 (160 SE2d 633); *Saunders v. Vikers,* 116 Ga. App. 733, 734 (158 SE2d 324). Fort has met this burden.

Where the movant has pierced the allegations of the pleadings and shown the truth to the court, he may receive a grant of summary judgment where there is no genuine issue of material fact considering the pleadings and available evidence. *Holland v. Sanfax Corp.,* 106 Ga. App. 1, 4 (126 SE2d 442).

There is no duty placed upon the plaintiff to produce evidence until the defendant's evidence pierces the plaintiff's pleadings and demands a finding in defendant's favor on the particular issue of fact made by the pleadings. If the non-existence of any genuine issue of material fact is established by such credible evidence that on the facts and law the movant is entitled to judgment as a matter of law, the motion should be granted, unless the respondent shows good reason why he is at the time of the hearing unable to present facts in opposition to the motion. *Meade v. Heimanson,* 239 Ga. 177 (236 SE2d 357); *Durrett v. Tunno,* 113 Ga. App. 839 (149 SE2d 826).

Once Fort carried his burden to show the absence of any genuine issue of fact as to the cause of the accident, Boone was required to offer refuting evidence. Boone could not rely upon the mere conclusory statements in his pleadings. *Crutcher v. Crawford Land Co.,* 220 Ga. 298, 303 (138 SE2d 580); *Hutchins v. Miller,* 138 Ga. App. 133, 134 (225 SE2d 722). He had a duty to respond to the motion in such a way as to show a genuine issue of fact or suffer the grant of summary judgment. *Smith v. Standard Oil Co.,* 227 Ga. 268, 271 (2) (180 SE2d 691); *Sloan v. Hobbs Sporting Goods Shop,* 145 Ga. App. 255 (243 SE2d 673). Mere conclusions are not sufficient to overcome specific evidentiary facts. *Lake v. Hamilton Bank of Dalton,* 137 Ga. App. 600, 602 (224 SE2d 522).

As a general proposition, issues of negligence, contributory negligence and lack of ordinary care for one's own safety are not

susceptible of summary adjudication either for or against the claimant, but should be resolved by trial before a jury. *Ellington v. Tolar Constr. Co.,* 237 Ga. 235, 237 (227 SE2d 336); *Wakefield v. A. R. Winter Co.,* 121 Ga. App. 259, 260 (174 SE2d 178). However, where the facts conclusively show by plain, palpable and undisputed evidence that the defendant was not at fault including cases involving contentions of negligence, contributory negligence or exercise of ordinary care for one's own safety, such case properly may be resolved as a matter of law through the vehicle of summary judgment. *Powell v. Berry,* 145 Ga. 696, 701 (89 SE 753) cited with approval in *Ellington v. Tolar Constr. Co.,* supra, p. 237. Such is the factual and legal situation in the case sub judice. It follows the trial court erred in denying summary judgment to the appellants Fort and Hartford.

*Judgment reversed. Shulman, C. J., concurs. McMurray, P. J., concurs in the judgment only.*

DECIDED APRIL 15, 1983.

*Stanley M. Karsman, Kenneth L. Royal,* for appellants.
*Bobby L. Hill,* for appellee.