## 67467. GRIFFITH v. STOVALL TIRE & MARINE, INC.

BANKE, Judge.

The plaintiff appeals a summary judgment for the defendant in a suit to rescind a contract for the purchase of a "Trans Van" motor home. The suit is grounded both upon the Georgia UCC and the Georgia Fair Business Practice Act. The plaintiff contends that the defendant misrepresented to him that the vehicle in question was a 1981 model, although components of the chassis were in fact manufactured in 1979. He further contends that he acquired the right to revoke his acceptance of the vehicle under the UCC when, after bringing the vehicle back to the defendant for repairs on numerous occasions, he "discovered that the van was simply a 'lemon' and not in the functioning, new condition it was represented to be upon sale."

The chassis of the vehicle was manufactured by the Chrysler Corporation in 1979 and then sold to Champion Home Builders Company in Michigan. The manufacturer's statement of origin issued by Chrysler contains a space for designation of the model year, in which the following notation appears: "Not applicable—This incomplete vehicle does not have a model year designation." Champion Home Builders constructed the body of the vehicle during its 1981 manufacturing year and then sold it to the defendant, designating the model year as "Body 1981." *Held:*

1. The trial court was correct in concluding as a matter of law that the defendant's designation of the vehicle as a 1981 model did not constitute a misrepresentation of fact or otherwise result in a violation of the Georgia Fair Business Practice Act. See generally OCGA § 10-1-390 et seq. (Code Ann. § 106-1201 et seq.). That act is to be construed consistently with interpretations given by the Federal Trade Commission. See OCGA § 10-1-391 (b) (Code Ann. § 106-1201); *Zeeman v. Black,* 156 Ga. App. 82, 83 (273 SE2d 910) (1980). The Federal Trade Commission regulation pertaining to the assignation of model years to motor vehicles provides that manufacturers of chassis or incomplete vehicles sold to motor home

or recreational vehicle manufacturers who issue separate certificates of origin need not assign model years to such vehicles. 44 CFR § 14.11 (d) (10) (44 FR 30322, May 25, 1979). The plaintiff stipulates in his brief that, pursuant to other applicable FTC rulings, the correct model year of a vehicle is "the date upon which the last act of manufacture or manufacturing or assemblage to be performed by the manufacturer is performed by the the manufacturer." It follows that the defendant did not misrepresent the year of manufacture to the plaintiff and that the trial court did not err in granting summary judgment to the defendant with regard to the count of the complaint alleging violation of the Fair Business Practice Act.

2. The trial court's order does not address the plaintiff's claim that he was entitled to revoke his acceptance of the vehicle pursuant to Ga. UCC § 2-608 (OCGA § 11-2-608 (Code Ann. § 109A-2—608)). As the facts of record do not pierce the plaintiff's pleadings as to this claim, the grant of summary judgment is reversed insofar as it is concerned. See generally *Jacobs v. Metro Chrysler-Plymouth,* 125 Ga. App. 462 (1) (188 SE2d 250) (1972).

*Judgment affirmed in part and reversed in part. Deen, P. J., and Carley, J., concur.*

DECIDED JANUARY 5, 1984.

*Ralph S. Goldberg,* for appellant.
*Albert B. Wallace,* for appellee.