69615. GRIFFITH v. STOVALL TIRE & MARINE, INC.
(329 SE2d 234)

CARLEY, Judge.

Appellant-plaintiff purchased a Trans Van motor vehicle from appellee. Appellant subsequently became dissatisfied with the vehicle, and he ultimately instituted the instant lawsuit. In a previous appearance of the case before this court, the grant of summary judgment in favor of appellee was affirmed with regard to appellant's claim of misrepresentation. However, the grant of summary judgment in favor of appellee was reversed as to the issue of appellant's revocation of his acceptance of the vehicle. *Griffith v. Stovall Tire & Marine, Inc.*, 169 Ga. App. 461 (313 SE2d 156) (1984). Thereafter, further discovery was conducted, and appellee again sought summary judgment. The trial court granted the motion, ruling that appellant was not entitled to revoke his acceptance because of his continued use of the vehicle. Appellant appeals, asserting that genuine issues of material fact remain for jury resolution.

1. Appellant contends that he revoked his acceptance of the vehicle pursuant to the relevant provision of the Uniform Commercial Code, OCGA § 11-2-608, after his discovery of what he perceived to be a nonconformity in the automobile which substantially impaired its value to him. A buyer who revokes his acceptance of goods pursuant to that statute must do so within a reasonable time after he discovers or should have discovered the nonconformity, and revocation must occur before there is any substantial change in the condition of

the goods which is not caused by their own defects. OCGA § 11-2-608 (2). A buyer who revokes his acceptance has the same rights and duties regarding the goods as if he had initially rejected rather than accepted them. OCGA § 11-2-608 (3). He is generally required to hold the goods with reasonable care for a period of time sufficient to permit the seller to remove them. See OCGA § 11-2-602 (2) (b); White & Summers, Uniform Commercial Code, § 8-3 at p. 265. Also, OCGA § 11-2-711 (3) permits a buyer who has rightfully rejected, or justifiably revoked his acceptance of, goods to hold them and resell them in the same manner as could an aggrieved seller. However, any post-rejection exercise of ownership by the buyer with respect to the goods is wrongful as against the seller. OCGA § 11-2-602 (2) (a). Moreover, when a buyer fails to make an effective rejection or when he does any act inconsistent with the seller's ownership of goods, he has accepted them. OCGA § 11-2-606 (1) (b), (c); White & Summers, supra, § 8-2. Acceptance of goods by a buyer precludes their rejection, and any acceptance which is made with knowledge of a nonconformity cannot be revoked on the basis of that nonconformity unless the acceptance was made on the reasonable assumption that the nonconformity would be seasonably cured. OCGA § 11-2-607 (2).

Under this statutory scheme, it appears that a buyer who has attempted to reject rather than to accept goods may nonetheless accept them by virtue of his post-rejection conduct with respect to them. Likewise, a buyer who purports to revoke his acceptance of goods may be found to have re-accepted them if, after such revocation, he performs acts which are inconsistent with the seller's ownership of the goods. See *Cardwell v. Intl. Housing, Inc.*, 423 A2d 355, 363 (6) (1980); *Wadsworth Plumbing & C. Co. v. Tollycraft Corp.*, 560 P2d 1080, 1082 (1977).

The record before us reveals neither the time when appellant notified appellee of his revocation of acceptance nor the extent to which the vehicle had been driven prior to that time. The record does show that soon after his purchase of the van, appellant notified appellee of his dissatisfaction with it "on a continuous basis in an effort to obtain redemption on the value or price of the van." Appellee's employees spoke with appellant on several occasions. Each time appellant telephoned, appellee's employees instructed him to return the vehicle so that his complaints could be evaluated and repairs could be made. However, appellant refused to return the van, and he denied appellee access to it. Appellant told appellee to take the vehicle back, but appellee refused. Appellant had the vehicle repaired eleven times, although none of those repairs were performed by appellee. Appellant has retained possession of the van, which has been driven over 120,000 miles.

Appellant contends that the evidence of record presents a jury

issue as to whether he effectively revoked his acceptance of the van. It is true that issues such as whether an effective revocation of acceptance was made, whether reasonable notice of revocation was given to the seller, and whether the value of the goods was substantially impaired are ordinarily matters for determination by the trior of fact, even where the buyer has continued to use nonconforming goods after an alleged revocation of acceptance. *Trailmobile Div. of Pullman v. Jones*, 118 Ga. App. 472, 474 (164 SE2d 346) (1968); *Jacobs v. Metro Chrysler-Plymouth*, 125 Ga. App. 462 (188 SE2d 250) (1972); *Hub Motor Co. v. Zurawski*, 157 Ga. App. 850, 851 (278 SE2d 689) (1981). However, cases involving issues which are not usually susceptible to summary adjudication may properly be resolved as a matter of law by means of summary judgment *if* the uncontroverted facts establish that a plaintiff is not entitled to recover. *Fort v. Boone*, 166 Ga. App. 290 (304 SE2d 465) (1983). Issues relating to a revocation of acceptance under the provisions of the UCC have been determined as a matter of law in such circumstances. See *Bergenstock v. Lemay's G.M.C., Inc.*, 372 A2d 69 (1977); *Freeman Oldsmobile Mazda Co. v. Pinson*, 580 SW2d 112 (1979).

In the instant case, appellee produced uncontroverted evidence that even if appellant gave sufficient notice that he revoked his acceptance of the van, he nonetheless refused appellee access to it, and he persisted in his efforts to have the vehicle repaired by entities other than appellee. Additionally, appellant continued to possess and use the vehicle, which has been driven over 120,000 miles. By this evidence, appellee made a prima facie showing that appellant had reaccepted the vehicle after his purported revocation of acceptance, inasmuch as he had performed post-rejection acts which were inconsistent with the seller's ownership of the goods and which constituted his exercise of ownership. OCGA §§ 11-2-606 (1) (c), 11-2-602 (2) (a), 11-2-607 (2). Appellee having thus pierced the allegations of the pleadings, it became incumbent upon appellant to produce specific evidentiary facts in order to raise a genuine issue that an effective revocation of acceptance had occurred. Appellant did not do so. He offered no evidence whatsoever of any of the facts and circumstances surrounding his continued use of the vehicle. He failed to show when he told appellee to take the automobile back or how far it had been driven at that time, and he offered no other evidence that his alleged revocation of acceptance occurred before there had been a substantial change in the condition of the van which was not caused by its own defects. OCGA § 11-2-608 (2). His bare conclusion that his conduct was "reasonable" is not sufficient to overcome the specific evidentiary facts offered by appellee. *Fort v. Boone*, supra. Since the record of the case reveals no genuine issue of material fact, and appellee is entitled to judgment as a matter of law, the trial court did not err by granting

140

appellee's motion for summary judgment. *Norris v. Kunes*, 166 Ga. App. 686 (305 SE2d 426) (1983); *Concert Promotions v. Haas & Dodd*, 167 Ga. App. 883 (1) (307 SE2d 763) (1983).

2. Following the transmittal to the trial court of the remittitur in the previous appeal, appellant moved that he be awarded costs pursuant to OCGA § 5-6-5. Although appellant enumerates the denial of that motion as error, there is nothing in the record to indicate that the trial court made any ruling with regard to it. Accordingly, the matter presents nothing for review by this court. *Blakely & Son, Ltd. v. Humphreys*, 148 Ga. App. 281, 283 (1) (250 SE2d 826) (1978).

*Judgment affirmed. Birdsong, P. J., and Beasley, J., concur.*

DECIDED MARCH 7, 1985 —
REHEARING DENIED MARCH 25, 1985 — 

*Ralph S. Goldberg*, for appellant.
*Albert B. Wallace*, for appellee.