71553. PAGUE et al. v. PENDLEY et al.
(340 SE2d 190)

DEEN, Presiding Judge.

Appellants Harold R. Pague and his wife Miriam Boyer Pague were injured in a collision occurring on November 29, 1982, when their automobile was struck by a vehicle being driven by Ronald Wayne Pendley and owned and insured for both collision and liability coverage through Nationwide Insurance Company by appellee Kathy A. Pendley. After payment in the amount of $7,610 was made by Nationwide to appellants for property damage to their automobile under Ms. Pendley's policy, appellants filed suit seeking jointly and severally from Kathy A. Pendley and Ronald Wayne Pendley general, special, and punitive damages for personal injuries allegedly incurred in the collision. Ms. Pendley denied all material allegations of liability and filed a motion for summary judgment based upon affidavits submitted by both Pendleys stating that the vehicle owned by her was being operated by her ex-husband Ronald Wayne Pendley at the time of the collision without her knowledge or permission.

Ms. Pendley was deposed by appellants, but Ronald Wayne Pendley filed a Chapter 7 bankruptcy suit in federal district court listing the lawsuit as a debt to be discharged, and received protective relief which stayed any discovery efforts as to him. Consent judgments were subsequently obtained by both appellants against Ronald Wayne Pendley to the extent of any insurance proceeds that might be available to him, and demand for recovery was made to Nationwide. On July 15, 1985, the trial court granted summary judgment to Ms. Pendley, finding that she and Ronald Wayne Pendley had been divorced since March 24, 1981; that on the date of the collision Mr. Pendley was not a member of her household, was not acting as her agent, did not have permission to use her car, had not elected to obtain any defense or coverage from her insurer, and was not acting in her behalf. The court held that Ms. Pendley was not liable under the doctrines of agency, family purpose, negligent entrustment or any theory proposed by appellants, and they appeal.

The undisputed evidence before the trial court on motion for summary judgment showed that since the time of their divorce Mr.

Pendley had not been a member of Ms. Pendley's household but maintained a separate residence. Ms. Pendley insured the automobile involved in the collision in her name only, paid the premiums herself, and allowed no one else to drive it. Ms. Pendley was able to obtain safe driver insurance by assuring her agent that Mr. Pendley would not drive her car because of his past driving record. On one occasion when Ms. Pendley's car broke down, Mr. Pendley helped her drive it back home because she could not do it by herself. Mr. Pendley sometimes had difficulty getting to his job, and Ms. Pendley lived closer to it, so she would occasionally allow him to stay overnight in order to get a ride to work. It was not a permanent arrangement, and they did not have a marital relationship; her sole reason for allowing this was so that he could get to work in order to pay the child support payments awarded in the divorce. On the night before the collision Mr. Pendley stayed at Ms. Pendley's home to be picked up the next morning. She was driven to her job by a co-worker and was unaware that he had taken her car until she came home and was told by her mother that Mr. Pendley had been involved in a collision while driving her automobile. She immediately called her insurance agency to report the collision and informed them that the car had been taken without her permission.

1. Appellants have presented no evidence of any agency relationship which would entitle them to recover damages from Ms. Pendley. "The denials of the purported parties of an agency relationship may not be disregarded by the trial court and are sufficient to support a motion for summary judgment. [Appellants'] pleadings having been pierced, the burden of establishing the fact of agency fell upon [them], and [they] failed to carry that burden." *Bush v. Vanguard Ins. Co.*, 172 Ga. App. 704, 706 (324 SE2d 554) (1984). While appellants produced affidavits of non-parties indirectly concerning whether the Pendleys lived together following their divorce and whether Mr. Pendley was operating Ms. Pendley's automobile with her permission or on her behalf, both of the Pendleys' affidavits of October 23, 1983, denied any such facts. "When a party to an alleged agency relationship denies that such a relationship exists, 'that is a statement of fact. On the other hand, the existence of the relationship is not within the personal knowledge of an outsider. What he may know are certain facts which might lead to that conclusion. . . .' [Cit.] In other words, a bare assertion of the existence of an agency relationship, when made by an outsider to the alleged relationship, is not a statement of fact, but merely an unsupported conclusion of law." *Entertainment Developers v. Relco*, 172 Ga. App. 176, 177 (2) (322 SE2d 304) (1984). Any alleged error of the trial court in considering a later affidavit of Mr. Pendley filed the date of the hearing on the motion was harmless since it contained essentially the same information as the earlier one

which was properly a part of the record.

2. There likewise could be no recovery under the family purpose doctrine. "In order for the owner to be liable he must have given his permission to a family member to drive the car. Also that family member must be in the car and the car must be engaged in a family purpose. Once the owner has consented to the use of the vehicle for a family purpose and has relinquished control of the car to a family member for that purpose, the requirements of due process are satisfied." *Phillips v. Dixon,* 236 Ga. 271, 275 (223 SE2d 678) (1976); *Quattlebaum v. Wallace,* 156 Ga. App. 519, 520 (275 SE2d 104) (1980). Since none of these criteria were met here, summary judgment was also proper on this ground. *Price v. Bone,* 166 Ga. App. 714 (305 SE2d 451) (1983).

3. Nor did appellants prove the essential elements of negligent entrustment, "whereby liability is predicated not on the doctrine of respondeat superior but on a negligent act of the owner in lending his automobile to another to drive, with actual knowledge that the driver is incompetent or habitually reckless . . ." *Saunders v. Vikers,* 116 Ga. App. 733, 735 (5) (158 SE2d 324) (1967); *Glover v. Davenport,* 133 Ga. App. 146, 147 (210 SE2d 370) (1974).

4. Finally, *Sargent v. Allstate Ins. Co.,* 165 Ga. App. 863 (303 SE2d 43) (1983) is not controlling, as contended by appellants. *Sargent* held that the insurer's payment of the property damage portion of the claim constituted a waiver of the policy provision requiring the non-insured driver to be a resident in the insured's home at the time of the collision, where the insured is seeking coverage under his policy. Neither the insured nor the non-insured requested coverage here, and the plaintiffs in this suit, which is a personal injury action rather than an action on the policy, have not sought either benefits thereunder or penalties from the insurance company so as to create a waiver or estoppel. Compare *Southeastern Fid. Ins. Co. v. Timmons,* 172 Ga. App. 366 (323 SE2d 183) (1984). See also *Prescott's Altama Datsun v. Monarch Ins. Co.,* 170 Ga. App. 545 (317 SE2d 845) (1984); aff'd 253 Ga. 317 (319 SE2d 445) (1984). There being no genuine issue of material fact, we find no grounds for reversal of the grant of Ms. Pendley's motion for summary judgment.

*Judgment affirmed. Pope and Beasley, JJ., concur.*

DECIDED JANUARY 6, 1986 —
REHEARING DENIED JANUARY 24, 1986 —

*Johnnie C. Wages,* for appellants.

*William D. Strickland*, for appellees.