72944. TALLMAN POOLS OF GEORGIA, INC. et al.
v. JAMES et al.
(352 SE2d 179)

POPE, Judge.

This is an interlocutory appeal from an order denying summary judgment in this wrongful death action. On June 23, 1982, at approximately 6:25 p.m., Victoria E. James was driving west along Highway 138 in Clayton County when, for reasons unknown, she left her lane of traffic, driving into the oncoming lane of traffic. At that time Curtis L. Webster was traveling east along the same highway, driving a dump truck which pulled a trailer behind it. Webster was then employed by Tallman Pools of Georgia, Inc. A collision ensued, resulting in James' death. Her parents, appellees herein, brought this action for wrongful death, naming as defendants Tallman Pools, Ellsworth L. Tallman, and Webster.

Appellants (defendants below) filed a motion for summary judgment alleging, inter alia, that the negligence of Victoria James exceeded the negligence of Webster, if any, thereby precluding recovery by appellees. Appellees responded, arguing that appellants rested

their case on affidavits consisting of "opinion testimony," which testimony was defective and inadequate. Further, appellees argued that a jury question remains as to whether or not the conduct of Webster was negligent, forming the proximate cause of James' death. The trial court denied appellants' motion for summary judgment and this interlocutory appeal followed. *Held*:

Summary judgment should only be granted when there is no genuine issue of a material fact to be resolved by the trier of facts, and the movant is entitled to judgment as a matter of law applicable to the facts. *McCarty v. Nat. Life &c. Ins. Co.*, 107 Ga. App. 178 (1) (129 SE2d 408) (1962). In adjudication of the motion, the trial court must give the respondent the benefit of all favorable inferences that may reasonably be drawn from the evidence. *Capital Auto. Co. v. Gen. Motors &c. Corp.*, 119 Ga. App. 186 (1) (166 SE2d 584) (1969). Although negligence cases are not frequently susceptible to final adjudication by motion for summary judgment, nevertheless, in cases of plain, palpable and indisputable evidence, summary judgment may be awarded. *Brown v. Iocovozzi*, 117 Ga. App. 693 (1) (161 SE2d 385) (1968); see *Ellington v. Tolar Constr. Co.*, 237 Ga. 235, 237 (227 SE2d 336) (1976).

It is undisputed that Victoria James drove into the opposite, oncoming lane of traffic. Also undisputed is the fact that almost as soon as James proceeded into the oncoming lane, Webster had just proceeded over a hill in the road. Construing the evidence most strongly in favor of the appellees, James was driving at approximately 40 miles per hour or 58 feet per second. Webster was driving at approximately 50 miles per hour or 73 feet per second. At the time that James crossed into Webster's lane, Webster was approximately 100 feet away from James. By adding James' speed to that of Webster's (58 feet per second plus 73 feet per second equals 131 feet per second), the 100-foot gap between the two vehicles would have been closed in less than one second. Assuming that Webster saw James immediately and applied his brakes instantly, he would have nevertheless collided with James. Webster, therefore, had three alternatives under the facts in this case. He could have swerved to his right, which was the direction in which James was proceeding. No evidence of record suggests that this would have prevented the collision. Or, he could have braked. However, simple mathematics proves both that Webster had less than one second in which to brake, and also that braking would not have prevented the collision. Finally, he could have swerved to the left into oncoming traffic, a risky maneuver at best. See, e.g., *Layton v. Knight*, 129 Ga. App. 113 (2) (198 SE2d 915) (1973). It is clear from the facts of the case that Webster had no meaningful alternative by which to avoid the collision without taking action likely to result in serious bodily harm to himself.

When a motion for summary judgment is made and supported by evidence, respondent may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavit or as otherwise provided, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him. OCGA § 9-11-56 (e); *Fort v. Boone*, 166 Ga. App. 290 (304 SE2d 465) (1983); *Zappa v. Allstate Ins. Co.*, 118 Ga. App. 235 (2) (162 SE2d 911) (1968). Response by mere conclusory statements is insufficient to set forth specific facts showing a genuine issue for trial. See *Lake v. Hamilton Bank of Dalton*, 137 Ga. App. 600 (5) (224 SE2d 522) (1976). Here, appellants have successfully met their initial burden of proof by showing that under the variables in this case, Webster had less than one second in which to brake and thus was unable to avoid the collision through no fault of his own. In response, appellees have failed to produce any evidence to rebut the evidence produced by appellants. Appellees have made mere assertions without supporting evidence.

Appellees assert that the presence of trailer brakes may have either prevented the collision or have so significantly reduced the impact of the collision as to prevent the injury and/or death of appellee's deceased. However, appellees have failed to present supporting evidence, by means of expert opinion or other affidavits, for this contention.

Further, appellees assert, without supporting evidence, that Webster may have been driving too fast for conditions. In effect, appellees argue that Webster may have been under a duty to drive a heavy load less than 30 miles per hour over the crest of a hill on a clear day, even though no vehicles were driving in front of him. It may be noted that imposition of this duty of care upon a truck driver under the facts of this case would be to place on that driver a duty to anticipate, without warning, that another vehicle would be crossing into his lane of traffic, just as the driver drove over the crest of a hill. We are aware of no precedent which would impose a standard of care on one person which requires him to *presume* the negligence or sudden emergency of another. This proposition is simply untenable.

Finally, appellees argue that there is no proof that James breached any duty of care by driving onto the opposite lane of traffic in that "in the absence of affirmative proof of negligence, the court must presume performance of duty and freedom from negligence." However, under the specific, undisputed facts of this case, the reasons for which appellees' deceased placed herself in a position of peril are irrelevant given that appellees have failed to refute appellants' showing that there was no possible action which Webster could have taken which would have prevented the collision. Therefore, even assuming that the negligence of James was slight or even non-existent, there are

no facts on which any alleged negligence of Webster or any other defendant might be based.

For the reasons herein stated, the trial court erred in denying appellants' motion for summary judgment. See *Fort v. Boone*, supra.

*Judgment reversed. Carley, J., concurs. McMurray, P. J., concurs in judgment only.*

### ON MOTION FOR REHEARING.

On motion for rehearing appellees argue that construing the evidence in a light most favorable to them, this court should have based its opinion on the testimony of Webster, the driver of the truck, that he was traveling at approximately 15 to 20 miles per hour at the time of the collision. At the outset we note that appellees presently assume a factual stance contrary to the stance which was taken in their brief on appeal. Appellees now argue that "construing the evidence in a light most favorable to them" should be interpreted to place on this court the duty to utilize the lowest possible speed which Webster could have been driving as opposed to the highest. However, even if this court were to adopt appellees' new position, our holding would be the same.

If Webster were traveling at 15 miles per hour (22 feet per second), the gap between Webster and the deceased would have been closed in less than two seconds. This evidence is still inadequate, under the facts in this case, to show that Webster could have avoided the collision or so significantly lessened the impact of the collision that death or serious bodily injury would not have ensued. Appellees offer no proof that the difference of two or three seconds in time was sufficient in which to avoid the collision. In view of the lack of this evidence, we adhere to our conclusion that appellees have failed to meet their burden of proof in response to appellants' motion for summary judgment.

*Rehearing denied.*

DECIDED NOVEMBER 18, 1986 —
REHEARING DENIED DECEMBER 18, 1986 — 

*Harvey S. Gray, Frederick W. Ajax, Jr., Douglas R. Powell,* for appellants.

*Harry A. Osborne,* for appellees.