72742. PROGRESSIVE INSURANCE COMPANY et al. v. KELLY.

(351 SE2d 544)

BEASLEY, Judge.

Appellant Baine was injured in an automobile collision while he was a passenger in a car owned by appellee Kelly and driven by Kelly's son. In a suit brought by Baine and his insurer, appellant Progressive, Kelly moved for summary judgment. By affidavit he swore that at the time of the collision his son was not a member of his household, had no authority or permission to drive the car, and was not acting on his behalf but rather was using the car for the son's own purposes. Baine's opposing affidavit stated that "as far as I know," the driver was residing with his father on the date of the collision; that the driver was familiar with the car; and that the driver stated that he had the car because he was doing body work on it. Summary judgment was granted.

The pleadings and the affidavits show that summary judgment is premature, when tested against OCGA § 9-11-56 (c) as construed.

Ending this car owner's liability for injuries received by a passenger when the car collided with another must be strictly scrutinized when the vehicle for doing so is summary judgment. " 'On motion for summary judgment the evidence is viewed in a light most favorable to the respondent, and the respondent is given the benefit of every doubt.' [Cit.] The movant has the burden to prove the non-existence of any genuine issue of material fact . . . , and in so determining, the court will treat the respondent's paper with considerable indulgence. [Cit.]" *Mallard v. Jenkins*, 179 Ga. App. 582 (347 SE2d 339) (1986).

"[T]he evidence must be construed most strongly against the movant, and the party opposing the motion is entitled to all inferences that may fairly and reasonably be drawn in support of his case. [Cit.] The moving party has the burden of negating at least one of the essential elements of the opponent's case and of establishing that no genuine issues of material fact remain. [Cits.]" *Vizzini v. Blonder*, 165 Ga. App. 840 (303 SE2d 38) (1983).

Kelly admitted that he owned the car, that his son was driving it at the time of the collision, and that they were now living at the same residence. He did not deny that his son had the car keys which allowed him to operate it, nor did he deny that Baine was a passenger in the car when it was involved in a collision. Baine testified that the son, whom he had known for about 10 years, drove the car in a manner exhibiting familiarity with it and as though it were in the normal course of events.

As to permission, the father simply states that his son "did not have my permission or authority to be operating the [car] . . ." Particularly given all of the other circumstances which are established, such as that the driver was not a stranger, this amounts to no more than a bare conclusion of fact which is the ultimate question for the jury to determine. It does not elucidate any facts describing how the son happened to be driving the car so that a jury would be required by law to find that, in the absence of contrary evidence as to those facts, the son was driving without the owner's permission.

Bare conclusions are insufficient, as discussed in *Griffith v. Stovall Tire &c.*, 174 Ga. App. 137, 139 (1) (329 SE2d 234) (1985); *Lake v. Hamilton Bank of Dalton*, 137 Ga. App. 600, 602 (5) (224 SE2d 522) (1976). Simply swearing that the son did not have permission is nothing more than a sworn denial of the allegation that the son had permission.

This is far from the state of the record in *Pague v. Pendley*, 177 Ga. App. 573 (340 SE2d 190) (1986), where the defendant showed the circumstances under which a legal conclusion of "no permission" was compelled.

Secondly, even if the father's non-contextual statement that his son was not driving with permission is considered as evidence of the fact, it is met with the plaintiff's showing of the circumstances, which support a reasonable inference that the driving was with permission. These contrary contentions, then, would be subject to jury resolution upon a further development of the facts. A finding of fact in favor of the car owner is not demanded, so summary judgment cannot be given. *Griffin v. Wittfeld*, 143 Ga. App. 485, 486 (2) (238 SE2d 589) (1977).

*Judgment reversed. Banke, C. J., Deen, P. J., McMurray, P. J., Carley, Sognier, and Pope, JJ., concur. Birdsong, P. J., and Benham, J., dissent.*

BENHAM, Judge, dissenting.

While I agree with the majority's statement of the facts and of the rules to be applied in reviewing a grant of summary judgment, I do not believe that those rules have been properly applied in this case. I must, therefore, dissent.

The thrust of the majority's position is that appellee has offered bare conclusions of ultimate fact which are not sufficient to overcome the inferences raised by appellants' assertions. That position misrepresents the nature of appellee's sworn statements. They are not *conclusions*, but sworn statements of fact based on personal knowledge. The assertions of appellants, on the other hand, are no more than conclusions based on inferences. Apparently, the majority would have appellee bear the burden of explaining away every possible inference

to be drawn from appellant Baine's observations. That is not what is required for summary adjudication. Appellants alleged that appellee's son was driving with appellee's permission or as his agent. Appellee pierced those allegations by his sworn statement, on personal knowledge, to the contrary. "Appellee having thus pierced the allegations of the pleadings, it became incumbent upon appellant[s] to produce *specific evidentiary facts* in order to raise a genuine issue that [appellee's son drove with his permission or as his agent]. Appellant[s] did not do so." *Griffith v. Stovall Tire &c.*, 174 Ga. App. 137, 139 (329 SE2d 234) (1985). (Emphasis supplied.)

Although the majority attempts to distinguish *Pague v. Pendley*, 177 Ga. App. 573 (340 SE2d 190) (1986), by saying the defendant there showed the "circumstances under which a legal conclusion of 'no permission' was compelled," the holding in that case is not so easily dismissed. The holding in Division 1 of that case is *not* that the defendant supplied all the facts, but that after the defendant denied the existence of an agency relationship, which denial was a statement of fact, the burden shifted to the plaintiff to prove the agency. There, as here, the plaintiff failed to meet that burden. " 'When a party to an alleged agency relationship denies that such a relationship exists, "that is a statement of fact. On the other hand, the existence of the relationship is not within the personal knowledge of an outsider. What he may know are certain facts which might lead to that conclusion." In other words, a bare assertion of the existence of an agency relationship, when made by an outsider to the alleged relationship, is not a statement of fact, but merely an unsupported conclusion of law.' [Cit.]" Id. at 574. The same principle should hold true with regard to the question of permission: the one who grants permission and the one to whom permission is granted are in a position to declare, as a matter of fact, that there has been or has not been permission. All an outsider may know are facts which might lead to a conclusion that permission was granted. But a statement to that effect, from an outsider, would be a mere conclusion of law. Appellee has stated facts; appellants have offered conclusions and inferences. Appellee is entitled to judgment.

The majority opinion has fundamentally disturbed the law of summary judgment. Under their analysis, a sworn statement of fact, made on personal knowledge, is not sufficient to overcome what this court has clearly labeled "an unsupported conclusion of law." Id. I cannot condone this evisceration of so useful an adjudicatory vehicle as summary judgment.

I am authorized to state that Presiding Judge Birdsong joins in this dissent.

184

*Michael H. Saul*, for appellants.
*Walter B. McClelland*, for appellee.